## Webster W. Wilcox v. Guy Tetherington.

1. PROMISSORY NOTES—*Equitable Defenses Against Indorsee.*—An equitable defense that might be made against the original payee, can not be made against his indorsee, taking the note for value, before due, nor against subsequent indorsees.

2. SAME—*Care in Executing.*—A person executing a promissory note which is procured by fraud and circumvention should use reasonable and ordinary precaution to avoid imposition. If able to read readily, he should examine the instrument or procure it to be read by some one in whom he can place confidence. If he is unable to read, or does so with difficulty, then he should avail himself of the usual means of information, by having it read by some person present. He may not act recklessly, disregard all the usual precautions to learn the contents of the instrument, and then interpose the defense against an assignee.

3. JUSTICES OF THE PEACE—*Pleadings Before.*—No written pleadings are required in proceedings before justices of the peace. The allegations and counter allegations of the parties or their attorneys are all presumed to be *ore tenus* and their rights depend upon what is proved, rather than upon what is said or pleaded.

4. NEGLIGENCE—*When One of Two Persons Must Suffer Loss.*—When one of two persons must suffer loss, he who by his negligent conduct has made it possible for the loss to occur, must bear it.

**Assumpsit,** upon a promissory note. Appeal from the County Court of Madison County; the Hon. W. P. EARLY, Judge presiding. Heard in this court at the February term, 1902. Affirmed. Opinion filed September 11, 1902.

BANDY & SULLIVAN, attorneys for appellant.

BURTON & WHEELER and THOS. STALLINGS, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

This action was commenced before a justice of the peace

upon a promissory note for $60 and legal attorney's fees, dated December 14, 1900, and due July 1, 1901, made to Geo. C. Strathern, payee, by appellant, Webster W. Wilcox. The trial resulted in a judgment for defendant, from which plaintiff appealed to the County Court, where judgment was rendered for appellee, from which defendant appealed.

It does not appear that the execution of the note was denied at the trial before the justice.

On the note are these two indorsements: "Pay to the First National Bank of Granite City or order, Geo. C. Strathern." "For collection, J. F. Krishmer, cashier First National Bank." Appellant insists that the indorsements show that the note was assigned for collection only. The note is brought with the record for our inspection. The indorsements do not sustain appellant's claim. The first is a general indorsement by the payee to the bank. The second is an indorsement by the bank for collection. The presumption from these indorsements is, that the bank was a *bona fide* holder and owner of the note for value, before its maturity.

An equitable defense that might be made against the original payee can not be made against his indorsee, taking the note for value, before due, nor against subsequent indorsees. Woodworth v. Huntoon, 40 Ill. 131; Matson v. Alley, 141 Ill. 287; Burton v. Perry, 146 Ill. 119.

Upon appeal to the County Court, the case stood for trial *de novo* without written pleadings. Appellant filed, however, what purports to be a sworn plea of fraud and circumvention in procuring the execution of the note, to which a demurrer was filed, and was sustained by the court. Appellant abided by his plea. The trial was by the judge, although a jury was not formally waived. Upon computation by the clerk, judgment was rendered against appellant for the principal of the note, an attorney's fee of $15, interest and costs. Testimony was heard as to the amount to be allowed for attorney's fees.

The errors assigned are:

"First. That the court erred in sustaining plaintiff's

demurrer to the plea of fraud and circumvention.   Second. That the court erred in rendering final judgment for the plaintiff on sustaining the demurrer to said plea."

Appellant's first assignment of errors is not well taken. In Dodge v. People, 113 Ill. 491, it is said :

" It is the settled construction of our statute relating to proceedings before justices of the peace, that no written pleadings are required.   The allegations and counter-allegations of the parties or their attorneys are all presumed to be *ore tenus*, and their rights depend upon what is proved, rather than upon what is said or pleaded."

Written pleadings not being required, appellee was not obliged to file either demurrer or replication to appellant's plea.   Its legal effect was that of an affidavit denying the execution of the note.   This would require proof of its execution when offered in evidence, if objection was made to its introduction.   The record does not show that appellant either objected or excepted to its introduction.   Such being the case, there is nothing for this court to pass upon on account of the note having been introduced in evidence. If the plea, treated as an affidavit, was sufficient to put plaintiff to the proof of its execution, it was sufficient to entitle defendant to offer evidence of fraud and circumvention in procuring his signature.   Appellant did not suffer, then, in any way through the action of the court in sustaining the demurrer to his plea.

While it is true that the case was tried by the judge without a jury, it is also true that appellant stood by and suffered it to be so tried, without protest or demand for a jury.   He can not now be heard to complain of what he might have prevented.   Silence implies assent, by waiving objections when they should be made.

It may be said, too, on the merits of the case, that we have been cited to no instance where it has been held that a misrepresentation by a total stranger, though frank in manner and claiming to be recommended by a national bank, as appellant in his plea states, has been held sufficient to defeat an action on a promissory note, plainly legible, and assigned before maturity to a holder for value, when the only excuse of the maker is that he was too busy to

read the note. A mere glance at the paper would have disclosed its character to a man of ordinary business qualifications. That appellant was such a man was apparent from his sworn plea. He was contracting to collect premiums upon insurance policies, and was to sign a contract and bond as such collector.

He states as a reason for not reading the paper which he signed, that he was busy in discharging his duties as timekeeper for the American Steel Foundry. Such statement implies ordinary business ability and experience, from which negligence may be inferred in one who signs a note, tendered by a stranger, without reading it, on the excuse that he was too busy to read it.

References to Illinois decisions, when the maker has not read the instrument, and the signature has been held to have been fraudulently procured, show no such negligence as appellant disclosed in his plea.

The trend of the decisions in the Illinois courts is expressed in Taylor v. Atchison, 54 Ill. 199 :

" It is, however, necessary that persons executing such an instrument, which is procured by fraud or circumvention, should use reasonable and ordinary precaution to avoid imposition, when the suit is by an indorsee before maturity. If able to read readily, he should examine the instrument, or procure it to be read by some one in whom he can place confidence. If he is unable to read, or does so with difficulty, then he may avail himself of the usual means of information, by having it read by some person present. He can not act recklessly, disregard all the usual precautions to learn the contents of the instrument, and then interpose the defense against an assignee."

To the same effect are Leach v. Nichols, 55 Ill. 278; Mead v. Munson, 60 Ill. 50; Homes v. Hale, 71 Ill. 554; Anderson v. Warne, 71 Ill. 22; Wheeler and Wilson Co. v. Long, 8 Ill. App. 465; Ex. Nat. Bank v. Plate, 69 Ill. App. 490; Muhlke v. Hegerness, 56 Ill. App. 326.

" When one of two persons must suffer loss, he who by his negligent conduct has made it possible for the loss to occur, must bear it." Fulford v. Block, 8 Ill. App. 286.

For the reasons cited, the judgment of the County Court is affirmed.