## Mrs. H. Chambers, Plaintiff in Error, v. Josephine T. Allin, Defendant in Error.

### Gen. No. 16,210.

APPEALS AND ERRORS—*when questions of law not preserved.* If a trial is had before the court without a jury the defeated party cannot raise questions of law for the consideration of the Appellate Court without submitting propositions of law to the trial court and securing rulings thereon.

Error to the Superior Court of Cook county; the HON. AXEL F. CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed February 20, 1912. Rehearing denied and opinion modified and refiled March 12, 1912.

JOHN GIBSON HALE, for plaintiff in error.

ERIC WINTERS, for defendant in error.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

On December 9, 1893, plaintiff in error (suing as H. Kellogg) obtained a judgment against defendant in error for about $200 before a justice of the peace in Chicago. On the 21st of September, 1905, plaintiff in error sued upon the previous judgment before another justice of the peace, and, procured on the 26th of September, 1905, a judgment against the defendant in error for $200. From this judgment an appeal was taken to the Superior Court, where a trial was had *de novo.* On November 12, 1906, the cause was heard in that court without a jury, and resulted in a judgment in favor of defendant and for costs against plaintiff in error.

Plaintiff in error, Mrs. H. Chambers, who was then Mrs. Kellogg, had been since 1893 conducting a millinery business in Chicago, under the name of H. Kellogg & Co. She was married on June 1, 1899, to Mr. Chambers. On February 19, 1900, defendant in error, Josephine T. Allin, filed her petition in bankruptcy in the United States District Court, and scheduled the judgment above referred to in favor of "H. Kellogg, Chicago," as one of her liabilities, and a notice of the bankruptcy proceedings was mailed to the plaintiff in error by that name and address. Josephine T. Allin was discharged from bankruptcy on the 9th of April, 1900, and it is stipulated that her discharge constituted a full release of all her liabilities that were sufficiently scheduled by her. Upon the trial it was further agreed that at the time Josephine T. Allin filed her petition in bankruptcy, and during the entire proceedings, she had no actual knowledge of the change of name of Mrs. Kellogg to that of Mrs. Chambers, nor did she know of any name or address for her other than that of "H. Kellogg, Chicago," as stated in the schedule in bankruptcy. It was further agreed that from 1893 to August, 1900, Mrs. Chambers, in the name of "H. Kellogg & Co.," conducted a millinery business at 3806 Cottage Grove avenue, Chicago, and resided at that address during all that time, and that she never knew of the bankruptcy proceedings and never received any notice in relation thereto. It was also stipulated that the schedule filed by Josephine T. Allin in her bankruptcy proceedings, wherein the demand of Mrs. Chambers was scheduled, is a sufficient schedule if the name and address "H. Kellogg, Chicago," is a sufficient schedule of the name, address, etc. Plaintiff in error contends here that the schedule of plaintiff's claim in the bankruptcy proceedings by the name and address of "H. Kellogg, Chicago," was not a compliance with the Bankruptcy Act of 1898, Section 7, requiring a schedule showing residence of creditors if

known, and that, therefore, the discharge of the defendant in bankruptcy is no bar, and that, too, even if the bankrupt did not intentionally make an insufficient schedule. It is also contended by plaintiff in error that the state court, where the action is brought against a bankrupt, is a proper forum for the determination of the effect of the discharge.

The defendant in error contends. that the so-called assignment of errors in the case at bar is based entirely upon remarks made or reasons given by the judge at the time of rendering his decision, and that, therefore, there being no valid assignment of errors, there is nothing to be considered by this court. Defendant in error further contends that no written proposition of law having been submitted to the court on the trial below, this court is not authorized to consider the question of law as to the sufficiency under the Bankruptcy Act of the schedule of plaintiff's claim and the effect of defendant's discharge. Defendant in error further contends that this action was barred by the Statute of Limitations, and that that defense was available under the circumstances without being pleaded, the cause having been brought before a justice of the peace.

Upon the question of the Statute of Limitations and its effect upon the judgment, our attention is directed to the Revised Statutes of Illinois, Chapter 79, Section 133; and upon the availability of this defense without formal pleadings in an action of this sort, to the decisions in the cases of Bromwell v. Bromwell, 139 Ill. 424; Dodge v. People, 113 Ill. 491; and Wilcox v. Tetherington, 103 Ill. App. 404; but we do not regard the matter as before us for decision. Either of two questions would be decisive of the case; first, the sufficiency of the discharge, and second, applicability of the Statute of Limitations,—and each is a question of law. It is well settled that if a trial is had before a court without a jury, the defeated party cannot

raise questions of law for the consideration of the Appellate Court, without submitting propositions of law to the trial court and securing rulings thereon. In the case at bar no propositions of law were submitted to, or acted upon by the court below, and, therefore, there is nothing before us to review, except upon the facts in the case, and upon these we think the record fully justifies the judgment of the court below. From the record, it appears that upon the trial of the cause, it was agreed between the parties that the bankruptcy proceedings were in all respects valid, and that the discharge secured by Josephine T. Allin was a good and sufficient discharge. It is true that the record shows the statement that "the only question in this case being as to the sufficiency of the said schedule filed in said bankruptcy proceedings;" and it is also true that the judge, before whom the cause was tried, stated in his certificate to the bill of exceptions that the court held that, even if the schedule of the plaintiff's demand was insufficient, it did not invalidate the discharge in bankruptcy, unless it appeared that such insufficient schedule was made with intent to defraud the plaintiff or prevent notice of the proceedings reaching her. We do not regard this statement in the certificate of the judge to the bill of exceptions as a proper method of bringing before us for review questions of law which should have been submitted and preserved in the form of propositions of law, but, in any event, upon the entire record, we think the judgment of the court below was correct, and it will, therefore, be affirmed.

*Judgment affirmed.*