CHARLES H. ROBERTS

*v.*

THE CITY OF EVANSTON *et al.*

*Opinion filed October 24, 1905—Rehearing denied Dec. 12, 1905.*

1. SPECIAL ASSESSMENTS—*contiguity of lot to street to be paved is not essential.* It is not essential that property shall abut upon the street to be paved in order to authorize a special assessment against it to pay for the improvement, the test being whether or not the property is presently benefited by the improvement.

2. SAME—*section 19 of the act of 1897, as to contents of affidavit, refers to cases where property is taken or damaged.* Section 19 of the Local Improvement act of 1897, (Laws of 1897, p. 108,) specifying the contents of the affidavit of the superintendent of special assessments to the assessment roll, applies only to cases where property is taken or damaged, and not to special assessments for improvements not involving the taking or damaging of property.

3. SAME—*filing of a plat with assessment roll is not essential.* Failure to show the lots of a certain objector on a plat filed with the assessment roll and petition in a paving assessment proceeding does not invalidate the confirmation judgment, since a plat is not an essential part of the petition, and if filed, is mere surplusage.

4. SAME—*it is presumed that party to whom notice was given was the last party paying taxes.* Under section 41 of the Local Improvement act of 1897, providing for notice by mail "to each of the said persons paying the taxes on the respective parcels during the last preceding year in which taxes were paid," it will be presumed that the person to whom notice was given, as alleged in a bill to enjoin the collection of the assessment, was the last party to pay the taxes.

5. PLEADING—*when allegations of bill do not raise a constitutional question.* Allegations of a bill charging a certain section of

a statute, designating it by number, to be unconstitutional on specified grounds, which section is found not subject to the objection urged, are not sufficient to present the question of the constitutionality of another section, not especially referred to, to which the objection might have applied.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

CHARLES H. ROBERTS, for plaintiff in error.

EDWIN L. HARPHAM, for defendants in error.

Per CURIAM : This is a bill in chancery for an injunction, filed by plaintiff in error on August 17, 1903, in the Superior Court of Cook county to enjoin the sale of three lots, fronting on West Railroad avenue in the city of Evanston, to-wit, lots 4, 5 and 6 in block 16, in North Evanston in the city of Evanston, Cook county, Illinois, under a judgment had in a special assessment proceeding for the paving of Harrison street in Evanston, and, as to said lots alleged to belong to said Roberts, to declare said judgment nugatory and void. Defendants filed a general demurrer to the bill, as originally framed and as subsequently amended. The demurrer to the bill was sustained, the temporary injunction dissolved, and the bill dismissed. The present writ of error is prosecuted from such decree of dismissal.

Plaintiff in error claims that the court below erred in holding his lots subject to the special assessment, because they abutted on Railroad avenue, and did not abut on Harrison street, for the paving of which latter street the special assessment was levied. In other words, it is claimed by plaintiff in error that property cannot be specially assessed for the paving of a street, unless it abuts upon the street so paved. Such is not the law. In *Rich* v. *City of Chicago,* 152 Ill. 18, we said (p. 27) : "It is also objected that the assessment is

void because it includes lots not abutting on Seventy-third street, in which the sewer is ordered to be laid. In special assessment it is not essential that the property assessed should be contiguous to, or abutting upon, the improvement, —it is sufficient that the property be presently specially benefited." (*Holdom* v. *City of Chicago,* 169 Ill. 109; *Parmelee* v. *City of Chicago,* 60 id. 267; *Fagan* v. *City of Chicago,* 84 id. 227; *Illinois Central Railroad Co.* v. *City of Kankakee,* 164 id. 608).

It is next insisted by the plaintiff in error that the affidavit, filed by the superintendent of assessments of the city of Evanston as to the making and filing of the assessment roll, as to the contents of the assessment roll, as to the notice given, etc., is insufficient. It is claimed to be insufficient upon the alleged ground that it omits the following statutory requirements, to-wit: that the affiant carefully examined the records of the recorder's office for the names of owners of record of the several lots, blocks, etc., against which benefits were assessed in the report; that the names of such owners were correctly shown in the schedule of ownership in the report; that he has diligently inquired as to the residence of the respective owners, specifying the nature of the inquiry made for that purpose; that the residences are correctly stated according to the result of the inquiry; that where unable to find the residence of the owner he has examined the collector's warrant for the preceding year. These are the requirements, set forth in section 19 of the "Act concerning local improvements," of June 14, 1897; (4 Starr & Curt. Ann. Stat.—sup. ed.—p. 164) and counsel in his brief specially refers to said section 19 as the section, whose requirements are omitted from the affidavit. Section 19 is one of the sections of the Improvement act, which is applicable where the ordinance provides for an improvement that requires the taking or damaging of property. In the case at bar, it is not alleged that there was any taking or damaging of property belonging to plaintiff in error, and, therefore,

the requirements of section 19 have no application here, and consequently the affidavit was not insufficient on account of the omission of such requirements.  The section, applicable to the case at bar in this respect, is section 41 of the Improvement act;  (4 Starr & Curt. Ann. Stat.—sup. ed.—p. 174) ; but counsel for plaintiff in error in his brief makes no reference to section 41, and charges no defect in the affidavit on account of the omission of any of the requirements of section 41.

Counsel for plaintiff in error also assigns as error that his lots were not shown on a plat, alleged to have been filed in the tax proceedings with the assessment roll.  It is said that the petition in the county court was controlled, as a bill in equity, by the plat as an explanatory exhibit.  Counsel has not made it appear to us in any way that such a plat is a necessary part of an assessment proceeding.  It adds nothing to the force of the petition in such tax proceeding whether it is incorporated in and added thereto, or whether it is omitted therefrom.  It is not an essential part of a petition to assess, and hence its addition would be mere surplusage.  Section 37 of the Improvement act provides that there shall be attached to, or filed with the petition, a copy of the ordinance certified by the clerk under the corporate seal, also a copy of the recommendation of the board of local improvements, and of the estimate of the cost as approved by the legislative body; but said section also provides that the failure to file any or either of said copies shall not affect the jurisdiction of the court to proceed in said cause, and to act on said petition.  (4 Starr & Curt. Ann. Stat.—sup. ed.—p. 172).  The ground of error thus alleged is without force.

Counsel for plaintiff in error also charges in his bill as amended that the assessment was not made by due process of law, and that said act is unconstitutional, and, as to special assessments of non-abutting real estate, invalid, upon the alleged ground that it provides for taking property without notice and without due process of law.  Counsel thus charges

that the whole act, as we understand his position, in regard to local improvements, is unconstitutional, but states no specific ground upon which the act is claimed to be unconstitutional. He asserts that the court acquired no jurisdiction over him, because he was not served with notice as the owner of the property. Section 41, above referred to, provides for the giving of notice by mail "to each of the said persons, paying the taxes on the respective parcels during the last preceding year, in which taxes were paid." It appears from the allegations of the bill that notice was served upon one Jacob Glos, and the presumption is that he was the last party paying the taxes. So far as is shown upon the face of the judgment, therefore, the statutory requirement as to notice was complied with. The allegations of the bill are not sufficient to raise the question as to the constitutionality of this section 41 upon the ground that it requires notice to the person paying the taxes during the last preceding year upon the property assessed, and not to the owner of the property. Section 19, which is the only section of the act specifically referred to by number in the agument of counsel for plaintiff in error, does provide for notice to the owner, and, as the allegations of the bill are framed in such a way as to appear to attack the constitutionality of that section, and not of section 41, they must here be regarded as being without force and untenable.

For the reasons above stated, we are of the opinion that the court below committed no error in sustaining the demurrer to the bill, and dismissing the same.

Accordingly, the decree of the Superior Court of Cook county is affirmed.      *Decree affirmed.*