THE PEOPLE *ex rel.* John R. Thompson, County Treasurer, Appellee, *vs.* CHARLES H. SMYTHE *et al.* Appellants.

*Opinion filed February 20, 1908.*

1. JURISDICTION—*when special appearance is waived.* Defendants to an application for judgment of sale for taxes, who move to set aside the order overruling their objections, enter motions for new trial and in arrest of judgment and except to the action of the court in denying the motions, waive their special appearance, entered before the trial, for the purpose of objecting to the jurisdiction of the court.

2. BILLS OF EXCEPTION—*when bill is properly considered as part of the record.* Where, by mistake, an order for an appeal names a past year in fixing the time for filing the bill of exceptions and appeal bond but the parties consider the order as meaning the present year, as was its plain intent, and file the bond and bill of exceptions accordingly, the bill of exceptions may properly be regarded as a part of the record.

3. SPECIAL ASSESSMENTS—*what is not a variance between delinquent list and publication notice.* That the names of the owners of property are stated in the delinquent list to be "Smith & Chew" whereas the names are given in the publication notice as "Smyth & Chew" does not constitute a substantial variance.

4. SAME—*judgment and order of sale should be spread in redemption and forfeiture record.* A judgment and order of sale for a delinquent special assessment should be spread of record in the tax, judgment, sale, redemption and forfeiture record.

5. SAME—*judgment and order of sale should mention item of interest.* A judgment and order of sale for a delinquent special assessment should mention interest as one of the items going to make up the amount of the judgment, and the omission of such item cannot be supplied by including it in the schedule attached to and made a part of the judgment.

6. SAME—*correct practice where only error is in the judgment.* Where the only error in a proceeding to sell land for taxes or special assessments occurs in the judgment itself a new trial will not be awarded but the judgment will be reversed and the cause remanded, with directions to the court to enter a proper judgment.

APPEAL from the County Court of Cook county; the Hon. D. T. SMILEY, Judge, presiding.

TAYLOR & MARTIN, for appellants.

GEORGE A. MASON, and WILLIAM T. HAPEMAN, (ED-
WARD J. BRUNDAGE, Corporation Counsel, of counsel,) for
appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment against certain lots
of appellants and an order for their sale for the non-pay-
ment of an installment of a special assessment levied by
the city of Chicago for paving a system of streets. Said
judgment and order of sale were entered at the July term,
1907, of the county court. Appellants appeared in court
July 10, when the collector applied for the judgment and
order, and, specially limiting their appearance for that pur-
pose, objected to the jurisdiction of the court on the ground
that the publication notice, and affidavit thereto, were void,
and also objected that there was a variance between the
publication notice and delinquent list, and a variance as to
the date of the warrant, description of the improvement,
the name of the owner and description of the property as
the same appear in the publication and in the tax, judgment,
sale, redemption and forfeiture record. On the 16th day
of July, 1907, the court overruled all objections and ren-
dered judgment against appellants' property for the special
assessment and ordered it sold to pay the same. From that
judgment appellants have prosecuted this appeal.

The alleged variances complained of are, that in the pub-
lication notice the name of the owner is given as "Smyth &
Chew" and in the delinquent list as "Smith & Chew;" also,
that the warrant is described in the publication notice as
"with interest on this and the remaining installments at the
rate of four per cent per annum from January 2, 1905, to
January 2, 1906, and interest on the third installment from
January 2, 1906, to March 31, 1906," while in the delinquent

list it is described as "with interest on this and remaining installments at the rate of four per cent per annum from January 2, 1905, to January 2, 1906, and also interest at the same rate on this installment from January 2, 1906, to March 31, 1906."

We think appellants are in no position here to question the court's jurisdiction over their persons. The judgment recites that when the cause came on to be heard upon the objections all parties were represented in court by counsel, and that after hearing the evidence and arguments of counsel the objections were overruled and judgment and order of sale entered. The bill of exceptions shows that objectors thereupon moved the court to set aside the order overruling their objections; that upon the court denying said motion they then entered a motion for a new trial, and when this motion was overruled by the court they entered a motion in arrest of judgment. To the action of the court in denying all these motions exceptions were taken. Appellants in nowise limited their appearance in making these motions. To grant or refuse the motions to set aside the judgment of the court overruling appellants' objections and in arrest of judgment required the exercise of jurisdiction by the court of the subject matter and of appellants, and by appearing generally for those purposes appellants waived their special appearance entered before the trial for the purpose of objecting to the jurisdiction of the court. *Nicholes* v. *People,* 165 Ill. 502; *Otis* v. *Sullivan,* 219 id. 365; *Dickey & Baker* v. *People,* 213 id. 51.

Appellants contend, however, that the bill of exceptions should not be considered a part of the record in this case. The judgment was entered July 16, 1907, and by an evident mistake the order for an appeal recites that the bond should be filed by September 18, 1905, and the bill of exceptions by September 10, 1906. A bill of exceptions was, in fact, signed by the presiding judge of the court on the 4th day of September, 1907, and on the same day filed with the clerk

of said court. By agreement of counsel for the respective parties, the original bill of exceptions, instead of a copy thereof, has been incorporated in and made a part of this record, and no objection to its consideration has been made on account of the date named for its being filed, in the order for the appeal. A similar mistake is made in said order with reference to the time for filing the appeal bond, but such bond was filed and approved, and no question has been raised as to this having been done within the time contemplated by the order of the court. The court and both parties to this cause, by their acts in preparing, signing and filing the bill of exceptions and the appeal bond, have treated the dates mentioned in the order of the court for filing them, as meaning September, 1907, and it is perfectly apparent that such was the intent of the court in making the order. Under these circumstances, and no objections having been made to the entertainment of the appeal and the consideration of the bill of exceptions as a part of the record, it may properly be considered as a part of the record of the case.

The names of the owners of the property objected for are stated in the delinquent list to be "Smith & Chew" while in the publication notice the names of the owners are given as "Smyth & Chew," and appellants insist that this was a fatal variance and that the court acquired no jurisdiction to render the judgment. It will be seen the only difference is in the use of the letter "i" in the name Smith in the delinquent list and the letter "y" in the said name in the publication notice. This contention of the appellants is wholly without merit. (*Lytle* v. *People,* 47 Ill. 422; *Gahan* v. *People,* 58 id. 160; *Gross* v. *Village of Grossdale,* 177 id. 248.) Appellants have not pointed out wherein there is any material variance in the description of the warrant in the publication notice and the delinquent list, and we see none.

The judgment is "entered against the tracts or lots of land * * * as described in the objections filed herein and as set forth in the attached schedule, which is made a

part of this order, in favor of the People of the State of Illinois, for the sum annexed to the description of each, being the amount of the said special assessment, printer's fees and costs due and unpaid severally thereon, and it is ordered by the court that said several tracts or lots of land be sold, as the law directs, to satisfy the amount of the said special assessment, printer's fees and costs annexed to them, severally." This judgment is not spread in the book containing the delinquent list, which is denominated in section 188 of the Revenue act the "tax, judgment, sale, redemption and forfeiture record," and this, it is claimed, was erroneous. The Local Improvement act makes the provisions of the Revenue act with reference to the proceedings to recover a judgment against lands for delinquent taxes applicable to proceedings for judgment and sale of lands for the non-payment of special assessments and special taxes, and we are inclined to the view that, though not expressly so stated, the Revenue act contemplates that the judgment and order of sale should be spread of record in the tax, judgment, sale, redemption and forfeiture record.

But if the failure to so spread the judgment of record in said book can be said not to be fatal, there is a fatal defect in this judgment. Attached to the judgment is a list or schedule, referred to in the judgment as made a part thereof. This list, after the names of the owners and description of the property, contains two columns purporting to contain the different sums of money which enter into and form a part of the total amount for which judgment is entered against each tract or lot, and a third column containing the total amount of the judgment. The first of these three columns is headed "Amount of third installment," the second, "Interest, doll. cts.," and the third, "Total, doll. cts." Interest forms part of the amount in the column headed "Total, doll. cts." but there is no mention of interest in the judgment order. The judgment is for "the amount of the said special assessment, printer's fees and costs due and un-

paid." Appellee insists that as interest is designated in the schedule referred to in the judgment and made a part thereof, it is as definite and certain and as much a part of the judgment as if it had been mentioned in the judgment itself. Both the Local Improvement act and the Revenue act provide for interest as a part of the judgment in proceedings of this character, and section 191 of the Revenue act gives a form of judgment which must be substantially followed, and this form mentions each item which enters into and becomes a part of the amount for which judgment is rendered. These items are, "amount of taxes (and special assessments, if any,) interest, penalties and costs due severally thereon," and the order of sale prescribed is, that the lands or lots be sold to satisfy "the amount of taxes (and special assessments, if any,) interest, penalties and costs." It is not a substantial compliance with the requirements of the statute that items of which no mention is made in the judgment order may be inserted in a list or schedule referred to, and thereby made a part of the judgment. While in proceedings like this the schedule may, by reference, be made a part of the judgment in so far as the items mentioned in the schedule correspond with the items mentioned in the judgment proper for which it is ordered judgment be entered, where said schedule contains items not mentioned in the order for which judgment was entered, the schedule, as to such items, should not be considered a part of the judgment. Provisions of the statute designed for the protection of property owners in proceedings of this character must be substantially complied with. *People* v. *Glenn,* 207 Ill. 50; *People* v. *Otis,* 74 id. 384.

We have held that in cases of this character, where no error intervened prior to the judgment, a new trial will not be awarded but the judgment should be reversed and the cause remanded, with directions to the county court to enter proper judgment. (*Gage* v. *People,* 207 Ill. 61; *Gage* v. *People,* 213 id. 410.) The judgment of the county court

will therefore be reversed and the cause remanded to the county court, with directions to that court to enter a judgment and order of sale in compliance with section 191 of the Revenue act, and spread the same of record in the tax, judgment, sale, redemption and forfeiture record.

*Reversed and remanded, with directions.*