THE PEOPLE ex rel. P. L. Dorris, County Collector, Appellant, vs. M. R. CARNAHAN et al. Appellees.

*Opinion filed December 22, 1915.*

1. TAXES—*what objections cannot be raised on application for judgment and order of sale for special assessment.* On application for judgment and order of sale for a special sidewalk assessment levied under the Local Improvement act, no objections can be urged which might have been urged on the hearing to confirm the assessment roll except such as go to the jurisdiction of the court to enter the judgment of confirmation, which must appear upon the face of the record.

2. SAME—*what does not go to jurisdiction of court to confirm assessment roll.* The mere fact that some of the lots assessed for a sidewalk improvement to be constructed by special assessment under the Local Improvement act do not abut upon the streets shown by the ordinance as the ones to be improved but are assessed as much as lots on streets to be improved does not deprive the county court of jurisdiction to enter judgment confirming the assessment roll.

3. SAME—*when judgments confirming assessment and approving report of improvement board are conclusive.* A judgment confirming a special sidewalk assessment and a judgment approving the improvement board's final certificate of the completion of the work are conclusive, until reversed, of the questions that lots have not been assessed more than they are benefited nor more than their

proportionate share of the cost of the improvement, where the record shows that the court had jurisdiction and the property owners had notice of each proceeding and appeared and filed objections and participated in the hearings.

APPEAL from the County Court of Saline county; the Hon. C. D. STILWELL, Judge, presiding.

SAM THOMPSON, State's Attorney, M. S. WHITLEY, and CHARLES E. COMBE, (C. W. LOMAS, of counsel,) for appellant.

KANE & WISE, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of the county court of Saline county sustaining objections to a special assessment for sidewalks levied and assessed against the property of appellees on application of the county collector for judgment for delinquent taxes.

It appears that in December, 1912, the board of local improvements of the city of Eldorado, in that county, passed a resolution for the construction of a sidewalk by special assessment along certain streets in that city, the portion of the city to be thus improved being designated as sidewalk district No. 1. Thereafter the city council passed an ordinance approving and confirming the resolution of the board of local improvements, and such further proceedings were had that a petition was filed in the county court praying that a special assessment be levied on the properties to be benefited by the proposed improvement. Due notice was given all parties of such proceeding, and all parties who are objectors here appeared and filed objections, both legal and to benefits, on the application for confirmation of the assessment. A hearing was had on the legal objections at the August term, 1913, of that court and the objections were overruled. A motion for a new

trial was made and overruled and an appeal prayed and allowed. At the March term, 1914, a hearing was had before a jury on the objections to benefits, which were sustained in part and the assessment roll re-cast and corrected to conform to the verdict of the jury, and a judgment was entered approving and confirming the same after a motion for a new trial had been made and overruled. An appeal was prayed and allowed from the judgment, but no appeal was ever perfected either from this judgment or from the prior judgment overruling the legal objections. Thereafter the board of local improvements gave notice of its election to proceed with the improvement, and a contract was let and the improvement constructed, and such further proceedings were had in the premises that the case came on for hearing at the February term, 1914, on the application for confirmation of the certificate of the completion of the work. All parties to this proceeding were given due notice of such hearing and appeared and filed objections, among them objections to the effect that their property would not be benefited as much as it was assessed, that property had been placed on the revised roll that was not benefited in the sum assessed, and that the work had not been completed in accordance with the contract, or, in fact, at all. A hearing was had on the issues raised by these objections, at the conclusion of which the court overruled all objections, rendered judgment in favor of the city and approved and confirmed the action of the board of local improvements in approving and accepting the work. The objectors, however, refused to pay a part of the assessment against their property and the same was returned delinquent to the county collector, who made application for judgment and sale of the property for such delinquent taxes at the June term, 1915, of the court. Appellees appeared and filed objections to the application, in substance, that the tax levied was illegal and void. A hearing was had on the issues raised by these objections, and the court sustained the same

in part and rendered judgment abating the whole of the tax as to certain of the lots and part of the tax as to other of the lots included in the improvement district. From this judgment the People have prosecuted the present appeal to this court.

It appears that the ordinance provided for sidewalks on some fifty-one streets or parts of streets included in the paving district; that appellees' property is located in that part of the district bounded by Jarvis and Jasper streets (the latter being a continuation of Jarvis street) on the north and Smith street on the south, lying east of Glenwood avenue; that Newton street is the first street north of Smith street and south of Jarvis and Jasper streets; that these streets are intersected, going east from Glenwood avenue, by Mather avenue, Ridee street and Carnahan avenue, which run north and south through this portion of the paving district. The ordinance, as recommended by the board of local improvements and adopted by the city council, provided for sidewalks on both sides of all the streets and avenues running north and south except in front of two lots on the east side of Ridee street, a walk on both sides of Smith street between Carnahan avenue and Glenwood avenue except a half block on the north side of Smith street just east of Mather avenue, and for a walk on the north side of Smith street from Carnahan avenue east. No provision was made for any sidewalk on either side of Newton street or on the south side of Jarvis and Jasper streets, and appellees insist that the tax levy in question is illegal and void for the reason the assessment was spread upon the theory that sidewalks were to be constructed on each side of Newton street and on the south side of Jarvis and Jasper streets as well as on those streets for which sidewalks were provided for in the ordinance. The trial court adopted appellees' theory of the case, and permitted them to show by the commissioner who spread the assessment, over the objection of appellant, that in spreading the assessment he

did so on the assumption that sidewalks were to be constructed on each side of Newton street and on the south side of Jarvis and Jasper streets, as contended by appellees, as well as on the other streets in the district for which provision was made for sidewalks in the ordinance.

Appellant insists that the question as to whether or not the lots were assessed more than they were benefited or for an improvement which it was not within the contemplation of the ordinance to construct should have been raised on the application for confirmation of the assessment, and cannot be raised at this time on the application for judgment and order of sale for such delinquent tax or assessment. Appellees admit this question could have been raised on the application for confirmation, and that such judgment is conclusive upon all questions which might have been raised at that time except want of jurisdiction to enter the order of confirmation apparent on the face of the record, and insist that such is the case here, for the reason that the ordinance, which was a part of the petition for confirmation, shows no sidewalks were provided for on these streets, and the assessment roll shows that appellees' lots are assessed as much for the proposed improvement as other lots in the district were assessed on streets on which sidewalks were provided for in the ordinance. Attached to the assessment roll, and filed as a part of it, was the sworn certificate of the commissioner appointed to make the assessment that he had taken the oath of office required by law and made a complete assessment roll, and that the same contained a list of all lots, tracts and parcels of land assessed for the proposed improvement, etc., made in accordance with the statutes of the State of Illinois and the ordinance hereinafter mentioned, and that no lot, block or tract of land had been assessed in said assessment for said improvement more than its proportionate share of the cost. The ordinance referred to was the one in question and shows what streets were to be improved, so that, so far

as the record of the proceedings for confirmation is concerned, it shows, on its face, full jurisdiction both of the persons and the property of appellees in this cause, and that no lots had been assessed except those which were benefited by the improvement, and then only for their proportionate share of the cost thereof, and that appellees had due notice of such hearing and appeared and filed objections and otherwise participated in such proceeding. The court was one that had jurisdiction of such matters, and the record of the proceedings shows jurisdiction both of the persons and property of appellees.

It is further insisted that it was a fraud upon appellees to assess their property for an improvement which it was not within the contemplation of the city to construct and for an improvement not provided for in the ordinance, and therefore that the judgment of confirmation is void as to appellees' property, as fraud vitiates all things. Conceding that such is the effect of fraud, we are unable to see how such rule can have any application to the case at bar. The record of the confirmation proceedings showed fully the streets upon which it was proposed to construct sidewalks and the property included in the district and to be assessed for the purpose of such improvement. Appellees were parties to that proceeding and appeared and filed objections to the assessment roll, and had full opportunity of raising every question which they are now seeking to litigate here. The fact that some of their lots did not abut upon a street which it was proposed to improve did not deprive the court of jurisdiction of such property, or of jurisdiction to enter the order confirming the assessment roll on which such lots were assessed, for their just proportion of the cost of the construction of the improvement. The only difference in the application of the Local Improvement act to the construction of sidewalks and to other public improvements is found in section 34 of the act, which provides for allowing to the property owners fronting on the streets on which the

sidewalks are to be built, forty days' time after the adoption and approval of the ordinance for the improvement in which to build or renew the sidewalks. (*Village of Glencoe* v. *Uthe,* 253 Ill. 518.) In other proceedings under the Local Improvement act, such as paving streets, it is held that it is not essential to give the court jurisdiction to confirm an assessment in a paving district that all property assessed for the improvement shall abut upon the streets to be improved, it being sufficient that all property assessed will derive some benefit from the improvement. *Roberts* v. *City of Evanston,* 218 Ill. 296.

The question whether or not the property of appellees received any benefit from the improvement or was assessed more than it was benefited by the improvement was one of the issues tried upon the application for confirmation of the assessment. Appellees appeared and filed objections in that proceeding to that effect and were successful, in part, as to certain of their objections, and succeeded in having the assessment roll modified by the jury and their assessment reduced. The assessment roll as thus modified and re-cast by the jury was subsequently approved and confirmed by the court. Appellees had a right of appeal from that judgment but failed to prosecute such an appeal, and it is now too late to assail that judgment in this collateral proceeding. The judgment rendered in this proceeding may have been erroneous and such that it would have been reviewed on appeal, but unless reversed it must stand. The rule is well settled in this State that on the hearing on the application for judgment and order of sale no objections can be urged which might have been urged on the hearing to confirm the assessment roll except such as go to the jurisdiction of the court to enter the judgment of confirmation, which must appear upon the face of the record. (*People* v. *Martin,* 243 Ill. 284, and cases cited.) The objections here urged are of a character that could have been urged, and were urged, in that proceeding, and that judgment is conclusive

upon appellees' right to urge the same at this time in this proceeding.

For the reasons given, the county court erred in sustaining the objections, and its judgment must be reversed and the cause remanded, with directions to overrule the objections, and for further proceedings in accordance with the views herein expressed.

*Reversed and remanded, with directions.*