(No. 11115.—Judgment affirmed.)

THE PEOPLE *ex rel.* Joseph Rice, County Collector, Appellee, *vs.* CHARLES G. JONES, Appellant.

*Opinion filed February 21, 1917—Rehearing denied April 5, 1917.*

1. TAXES—*when question whether lands have been legally annexed to city cannot be settled on collector's application for judgment.* Where the record shows that there has been an attempted annexation which has been acquiesced in, the question whether the lands have been legally annexed to the city will not be considered on application for judgment and order of sale for a special assessment and taxes, but such question should be settled by a proceeding by *quo warranto,* wherein a judgment will be conclusive and binding upon all parties interested in the dispute.

2. SAME—*county collector's report need not show nature of the warrants authorizing collection of the special assessment.* The city collector's report, containing a description of the nature of the warrants, is not a necessary part of the evidence to make a *prima facie* case on application by the county collector for judgment and order of sale for a special assessment, and it is not necessary that the county collector's sworn statement contain any description of such warrants.

APPEAL from the County Court of McLean county; the Hon. JAMES C. RILEY, Judge, presiding.

DEMANGE, GILLESPIE & DEMANGE, for appellant.

LESLIE J. OWEN, City Attorney, and BARRY & MORRISSEY, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellant prosecutes this appeal from a judgment of the county court of McLean county entered on the application of the county collector for general taxes and for a delinquent first installment of a special assessment levied by the city of LeRoy for the construction of a pavement.

The first eight objections of appellant filed before the county court set forth, in substance, that his lands described as the west half of lot 7 and all of lots 8 and 9, in block 2,

in Barley & Pfitzenmeyer's East Park addition to the city of LeRoy, are not within the corporate limits of the city of LeRoy, as they were never incorporated within or annexed to said city by any valid or legal proceedings, and that the city therefore had no jurisdiction to levy any special assessment or any other tax thereon. On June 13, 1904, Frank C. Barley and Hugo Pfitzenmeyer presented to the city council a plat of land adjoining the city of LeRoy, entitled Barley & Pfitzenmeyer's East Park addition to the city of LeRoy. The council approved the plat and passed a resolution to include the lands described in the plat within the corporate limits of LeRoy, and the plat was duly recorded, with a certificate of the mayor and clerk thereto that it had been approved by the city council of LeRoy. It is stipulated in the record that since June, 1904, the said addition has been treated as a part of the city of LeRoy and that the city has lighted the streets of said addition at its expense. It graded the streets and cut the weeds and put in a lateral sewer in said addition and constructed a system of sewers for the entire city connecting with said lateral sewer, all of which was done by special assessment, for which appellant's said property was assessed and the assessments paid by him. Appellant has voted at both general and special elections in said city up to within the last two years but has not voted therein since the legality of the annexation of said addition was questioned. Up to the year 1915 he paid the general taxes on these tracts levied for corporate purposes, and never raised the question of the legal annexation of said territory until special assessments were levied for said improvement in question.

It is contended by appellee that appellant is estopped by his long acquiescence from disputing the legality of the annexation of said addition to the city of LeRoy, even though it should be determined that the proper legal steps were not taken in the beginning to annex said territory to the city. Under the facts presented in this record the question whether

or not the lands in question have been legally annexed ought not to be settled in this application for judgment for the special assessment and for the taxes. It should be settled in a proceeding by *quo warranto* in the name of the people, wherein a judgment will be conclusive and binding upon all parties interested in such dispute, and this court will not consider it in this proceeding. *People* v. *Newberry,* 87 Ill. 41; *Ogle* v. *City of Belleville,* 238 id. 389.

It was further objected by appellant that the court had no jurisdiction or power to render judgment and order of sale of appellant's land for the alleged special assessment. A specific objection was also made to the certificate and the report of the collector offered in evidence to make a *prima facie* case, that it does not contain a brief description of the nature of the warrant or warrants received by the collector authorizing the collection of the taxes and special assessments described in the report. The county collector's sworn report of the list of delinquent lands, proof of publication thereof and notice of the application for judgment and order of sale make a *prima facie* case, upon which judgment should be entered unless cause is shown to the contrary. (*Hurd* v. *People,* 221 Ill. 398; *Scott* v. *People,* 142 id. 291.) This is true whether the judgment is sought for a delinquent special assessment or for county, State or any other taxes. The city collector's report and return to the county collector, when properly made under the statutes, is "*prima facie* evidence that all the forms and requirements of the law in relation to making said return have been complied with," and that the special assessments mentioned in said report are then due and unpaid. (*Steidl* v. *People,* 173 Ill. 29; *Bowman* v. *People,* 137 id. 436.) Any or all of the special assessments may be paid before the county collector applies for judgment. It was not necessary that appellee's sworn statement contain any description of the warrant authorizing the collection of the special assessments. That requirement is made of the city collector in making

his report and the return to the county collector. No proof was offered by appellant that the city collector's return failed to properly describe the warrant in question or that it was in any other respect defective.

Other objections were made by appellant but there was no defense proved against appellee's *prima facie* case made, and judgment and order of sale were properly entered against appellant's lots.

The judgment of the county court is affirmed.

*Judgment affirmed.*