(No. 11717.—Reversed and remanded.)

THE PEOPLE *ex rel.* C. S. Tyler, County Collector, Appellee, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed December 19, 1917.*

1. TAXES—*record of highway commissioners must show damages have been allowed for laying out or altering road.* No tax can be levied for damages for laying out or altering a road under section 58 of the Road and Bridge law unless the record of the highway commissioners shows that said damages have been agreed upon, allowed or awarded to the property owner.

2. SAME—*objection to a tax must be specific.* Objections to a tax must be made in such words as to show clearly the point upon which a decision is asked, and they must specify the particular cause of objection.

3. SAME—*purpose of requiring objection to a tax to be specific.* The purpose of the rule requiring an objection to a tax to be specific and definite is to enable the opposing counsel, as well as the court, to ascertain the real objection without argument or explanation, to facilitate a proper hearing on the question at issue and not to hamper the court in the trial.

4. SAME—*when court should allow amendment to objection to tax.* On an application for judgment for delinquent taxes, if an objection to the tax, although not very specific, is sufficiently clear to enable the court to understand what tax is objected to and on what ground the objection is raised, the court, on the introduction of evidence tending to prove the objection, should allow an amendment making the objection more specific.

5. SAME—*when secondary evidence that the original and not a certified copy of tax levy ordinance was filed is not admissible.* Before it is permissible to prove by the testimony of the village clerk that he filed the original and not a certified copy of the tax levy ordinance in the county clerk's office, it must be shown by competent evidence that the paper filed, whether a certified copy or the original, is lost or cannot be found by a proper search.

6. SAME—*when judgment for town tax sufficiently describes the property taxed.* Where the delinquent list sufficiently describes all the property of a railroad company in the county, a judgment for a town tax which is limited to that part of the railroad property located in the town will be regarded as sufficiently describing the property.

7. SAME—*when objection to delinquent list cannot be raised in Supreme Court.* An objection that the items of interest and penalties are not made part of the delinquent list cannot be raised in the Supreme Court where the question was not raised in the trial court.

8. SAME—*when new trial will not be awarded where judgment is defective.* Where a judgment and order of sale for taxes is defective in not properly showing the amount of interest and penalties a new trial will not be awarded where no error has intervened prior to the judgment, but the judgment will be reversed and cause remanded, with directions to enter a proper judgment.

APPEAL from the County Court of Hancock county; the Hon. ELI W. DUNHAM, Judge, presiding.

J. A. CONNELL, MACK & MACK, and J. W. WILLIAMS, for appellant.

EARL W. WOOD, State's Attorney, and SCOFIELD, HELFRICH & CALIFF, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is an appeal from the judgment of the county court of Hancock county entered against the property of the Chicago, Burlington and Quincy Railroad Company in a proceeding in said court for delinquent taxes for the year 1913 to which said railroad company had filed objections. These objections were overruled and judgment was entered against the property.

The first question raised is as to the road and bridge tax of Bear Creek township, in said county. It is insisted by appellant that this objection should have been sustained because it raised the question as to the right of said town to levy taxes under the statutory provision relating to taxes for damages awarded or agreed upon for the purpose of laying out, widening, vacating or altering a road, or for ditching to drain roads, without having such damages first agreed upon. This court has held that no tax can be levied

for these purposes under the provisions of section 58 of the Road and Bridge law (Hurd's Stat. 1916, p. 2273,) unless the record of the highway commissioners shows that damages for some one of the purposes referred to in said section have been agreed upon, allowed or awarded to the property owner. *People* v. *Chicago, Indiana and Southern Railroad Co.* 265 Ill. 622, and cases cited.

Counsel for appellee do not attempt to contradict the claim that the road and bridge tax in question was levied contrary to the provisions of said section 58, but insist at length that the objection of appellant filed in the county court as to this road and bridge tax was not sufficiently specific and definite to authorize the court to hear any evidence on the question. Counsel for appellant insist that the objection filed was sufficiently definite, and if it was not, then the trial court erred in refusing to allow appellant, on the trial of the case, to amend its objection, as was requested at that time.

The objection in question reads as follows: "As to said road and bridge tax of Bear Creek township, commissioners' certificate levies $4928 under section 56 and $1619 under section 58 of revised Road law, and the clerk has extended the limit of sixty-one cents and twenty cents under these sections. A levy under section 58 of the revised Road law (Acts 1913, p. 547,) can only be made 'when damages have been agreed upon, allowed or awarded for laying out, widening, altering or vacating roads, or for ditching to drain roads, for the purpose of paying such damages and to the persons damaged.' (See, also, secs. 60 and 80 of the same act.) As highway commissioners usually construe this section to mean that they are authorized to levy this additional tax for the purpose of paying costs of laying out, widening or vacating roads or for ditching to drain roads, it is a common practice to make a levy for this additional tax when no damages have accrued and none have been allowed or agreed upon or made of record in the town clerk's office.

But this is the law, and such a levy is not legal and should not be sustained, and the above levy of twenty cents, amounting to $169.94, for the reason above indicated, is void and the tax is also void."

It is insisted by counsel for appellee that this objection does not specify the particular cause of objection, as required by section 191 of the Revenue law. (Hurd's Stat. 1916, p. 2195.) Beyond question, objections must be made in such words as to show clearly the point upon which a decision is asked, and the objections must not be so vague and uncertain as not to specify the particular cause of such objections. (*People* v. *Keener,* 194 Ill. 16; *Fisher* v. *City of Chicago,* 213 id. 268; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 189 id. 397; *People* v. *Huey,* 277 id. 561.) The purpose of this rule is to require the objection to be so specific and definite that the opposing counsel, as well as the trial court, may ascertain the real objection to the tax without argument or explanation. This rule is not for the purpose of hampering the court in the trial of a proceeding of this kind but to facilitate a proper hearing on the question at issue. While the objection here may not be aptly worded in certain of its parts, it is obvious that anyone reading it must necessarily understand that appellant was objecting to the twenty cents road and bridge tax because the highway commissioners had not followed the provisions of section 58 of the Road and Bridge law as to having damages for laying out, widening and vacating roads, and for ditching to drain roads, first agreed upon, allowed or awarded before the tax was levied. On the hearing in the trial court, even if it were correct to hold that this objection did not specifically and definitely set out this point, we think it was within the sound discretion of the trial court to permit the objection to be so amended that it would clearly and definitely state the question raised. To allow such an amendment would not be stating a new objection but would be making more specific the objection already on

file. Section 191 of the Revenue act provides, among other things, that in all judicial proceedings of any kind for the collection of taxes and special assessments all amendments may be made which by law could be made in any personal action.

In discussing the right of amendments in tax proceedings in *Chicago, Madison and Northern Railroad Co.* v. *People,* 207 Ill. 312, it was said (p. 313) : "The court, however, upon the objection of appellee, refused to admit such evidence or any evidence offered on behalf of appellant to support its objections, on the ground that the objections filed did not cover the taxes for which judgment and order of sale were sought by the county collector, it being the view of appellee and the trial court that the 'delinquent taxes of the year 1903' were taxes other than the 'general and special taxes due for the year 1902.' After the court had declined to permit appellant to introduce evidence to sustain its objections on the ground that the objections filed by it were not objections to the taxes upon which the collector was seeking a judgment and order of sale, the appellant moved the court that it be allowed to amend its objections so they would read, in the particular complained of, 'now comes [the appellant] and defends against the application * * * for judgment and order of sale for taxes levied in the year 1902 and becoming delinquent in the year 1903.' etc., but the court declined to permit such amendment." The court, in discussing the right to amend under such circumstances, said (p. 314) : "If, however, it be conceded the objections are somewhat indefinite, and if the trial court was in doubt as to whether the objections covered the taxes referred to in the application for judgment and order of sale, we are of the opinion the appellant should have been permitted to amend its objections by incorporating therein apt words to show it was objecting to the taxes levied in the year 1902 and which were delinquent in the year 1903." Then it quotes at length from section 191 of the Revenue

act as to the right to amend such proceedings, and continues :
"This language is broad and comprehensive, and under it
amendments to objections to judgment and order of sale for
delinquent taxes may and should be permitted in so far as
may be necessary to permit objectors to fairly present any
existing valid objections to the application for judgment and
sale against their lands for delinquent taxes, if made in apt
time.   The appellant here had no notice that the objections
filed by it would be held by the court insufficient to admit
in evidence proofs of what it believed to be a valid objec-
tion to a judgment and order of sale for the taxes objected
to by it until it had entered upon the trial, and so soon as
it was advised fully of the ruling of the court it asked leave
to amend its objections to meet the view of the court.   The
amendment sought to be made was as to a matter which
could have worked no surprise upon the appellee, as it is
apparent the county collector was asking for judgment and
order of sale upon the same taxes to which appellant was
objecting."   The court there said that the amendment should
have been permitted.   That reasoning is especially applicable
to the situation here.   If the amendment were allowed as
asked by appellant it could not in any way be a surprise to
the representatives of the people, because they clearly knew
from the original objection what taxes were being objected
to.   We think the trial court in this case should have al-
lowed the amendment in question on the evidence offered
as to no agreement having been made as to the damages
to be allowed under said section 58 before the levying of
these taxes.

The same objection was made as to the road and bridge
tax of St. Albans township, and an amendment was offered
when the trial court held that the objection filed as to that
tax was not sufficiently definite.   What we have said with
reference to the objection to the road and bridge tax of
Bear Creek township, and as to amending such objection,
applies with equal force to the corresponding proceedings

as to the road and bridge tax of St. Albans township. We think the court erred in not permitting the amendment.

Objection was also made as to the village tax of the village of West Point, in said county. This objection stated, in substance, that no certified copy of any levy ordinance was on file in the county clerk's office, and that therefore said tax was void. The point of this objection, as we understand the argument of counsel, is, that the original ordinance, and not a certified copy, was filed with the county clerk, and that under the decisions of this court, as is conceded by counsel for appellee, in order to levy a legal tax of this nature a certified copy of the ordinance authorizing the levy should be put on file with the county clerk rather than the original. But it is insisted by counsel that no proper proof was made that a certified copy was not filed at the time the tax was levied. We think this objection as to the village tax of West Point was sufficiently specific and definite to require the trial court to hear evidence in support thereof. Appellant offered to prove by a former village clerk of West Point that this clerk filed with the county clerk the original ordinance and not a certified copy. The court sustained an objection to this evidence on the ground that it was secondary and not primary evidence, and that no proper foundation had been laid for its introduction by showing that whatever ordinance of the village of West Point had been filed with the county clerk had been lost. No attempt was made by counsel for appellant to prove that the ordinance that was filed, whether a certified copy or the original, was lost or could not be found by a proper search. We think until it was shown that no ordinance or certified copy of the ordinance of said village of West Point could be found on file in the county clerk's office, it was not proper to prove by the village clerk of West Point that he had filed the original and not a certified copy of said ordinance. For this reason we think the trial court rightly overruled this objection, as there was no proper proof offered as to whether

the ordinance upon which the tax was extended was the original or a certified copy.

Counsel for appellant further insist that the judgment order did not properly describe the property of appellant so that it could be definitely located by a competent surveyor. As we understand the description objected to, it conformed in every particular to the description held good by this court in *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 270 Ill. 538, in that the delinquent list here, as there, described all of the property of appellant within the county of Hancock, but the judgment in each case was properly limited to that part of the property located in the town in which the particular tax was assessed. This being true, there is no merit in this objection.

It is further insisted by appellant that the application for judgment, as well as the judgment docket, should have shown penalties and interest that were to be levied under the statute as to each of the items of the tax objected to. There can be no question that under section 188 of the chapter on revenue (Hurd's Stat. 1916, p. 2194,) the judgment record, but not the delinquent list, should show in separate columns the amount of the judgment, the amount of the interest or penalty and the amount of cost as to each item of tax. We cannot gather from the objection or the briefs whether counsel's objection is that these various penalties and interest amounts were not set out in the delinquent list or in the judgment itself. If the objection is that these items of interest and penalties were not made part of the delinquent list, a sufficient answer is that this question was not raised in the trial below and cannot, therefore, be raised here. The judgment entered seems to be defective in the particulars complained of, as to the amount of interest and penalties. We have held in cases of this character that where no error intervened prior to the judgment a new trial will not be awarded, but if the judgment is not in proper form

it should be reversed and the cause remanded, with directions to enter the proper judgment. *People* v. *Smythe,* 232 Ill. 242, and cases cited. ╲

The judgment as to the road and bridge taxes for the towns of Bear Creek and St. Albans will be reversed and the cause remanded for further proceedings as to those taxes in harmony with the views herein expressed. The judgment as to the village tax for the village of West Point will be reversed and the cause remanded to the county court, with directions to that court to enter a judgment and order of sale in compliance with section 191 of the Revenue act, and spread the same of record in the tax, judgment, sale, redemption and forfeiture record.

*Reversed and remanded, with directions.*