(No. 11666.—Reversed and remanded.)

THE PEOPLE *ex rel.* Archie N. Vance, County Collector, Defendant in Error, *vs.* MARY M. GLICK, Plaintiff in Error.

*Opinion filed December 19, 1917—Rehearing denied Feb. 7, 1918.*

1. TAXES—*what objections cannot be raised on application for judgment for delinquent assessment.* On the hearing of an application for judgment and order of sale of property for a delinquent special assessment no objections can be urged to the tax which might have been urged on the hearing to confirm the assessment roll except such as go to the jurisdiction of the court to enter the judgment of confirmation, which want of jurisdiction must appear upon the face of the record.

2. SAME—*when county collector makes prima facie case.* The county collector makes a *prima facie* case on application for judgment for taxes when he makes proof of his sworn report of the return of the list of delinquent lands and proof of publication thereof, together with notice of the application for judgment and order of sale.

3. SAME—*a tax is presumed to be valid.* In a proceeding by the county collector for judgment for taxes the presumption is that the tax is valid, and the burden of proof is upon an objector to show its invalidity.

4. SAME—*new trial will not be awarded where judgment is defective in form.* Where a judgment for taxes is not in the form prescribed by section 191 of the Revenue act a new trial will not be awarded but the judgment will be reversed and the cause remanded to the lower court, with directions to enter a proper judgment.

WRIT OF ERROR to the County Court of Edgar county; the Hon. DANIEL V. DAYTON, Judge, presiding.

J. FAY CUSICK, for plaintiff in error.

WILBUR H. HICKMAN, State's Attorney, and DYAS & DYAS, for defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

At the May term, 1917, of the county court of Edgar county, the defendant in error, the county collector of that county, made his application for judgment and order of sale of certain lands and lots for unpaid and delinquent special assessments levied by the city of Chrisman, in that county. The collector's return is as follows: "Mary M. Glick, subdivision lot 6, C. C. Sub. N. E. Sec. 35-16-12, Madison street paving, Chrisman, $172.36; A. P. Williams, subdivision E. ½ lot 11 and lot 12, in block 7, Madison street paving, $30.35." Both parties appeared and filed objections to the application, which were overruled and judgment and order of sale entered against such property. An appeal was prayed and allowed but not perfected. A joint writ of error was sued out, returnable to the October term, 1917, of this court. At the convening of court for that term Arthur P. Williams filed his written motion asking that the writ of error be dismissed as to him. The motion was allowed. The only question now before this court is the validity of the judgment and order of sale as to the lands of plaintiff in error, Mary M. Glick.

On August 12, 1913, the city council of the city of Chrisman, pursuant to the recommendation of the board of local improvements of such city, adopted an ordinance providing for the improvement of Madison avenue, in such city, by grading, curbing and paving from the west to the east corporate limits of such city. The assessment was to be divided into ten installments and bear interest at the rate

of five per cent per annum, in accordance with the Local Improvement act of June 14, 1897. On August 15, 1913, the petition praying for the levying of a special assessment on the property to be benefited by the proposed improvement was filed in the county court of Edgar county. Attached to the petition was a copy of the ordinance providing for the improvement, with an itemized estimate of the cost. The total estimated cost of the improvement was $30,555, of which $5909.88 was assessed to the city as a public benefit. Neither the assessment roll nor the order of the court confirming it is in the record. On May 27, 1914, at the May term of that court, a petition was filed by the city praying that the confirmation theretofore entered in the cause be vacated. A hearing was had on the petition and an order entered finding a judgment was rendered in that court at the September term, 1913, confirming the assessment roll; that since the rendition of said judgment and close of the September term it has been discovered that the notice published in the *Chrisman Courier,* on which said judgment was based, was defective in stating the final hearing on the assessment would be had on September 15, 1912, instead of September 15, 1913; that the publication notice was ineffectual as to parties not appearing generally and said judgment of confirmation void. The court further found that no assessment under said judgment has been collected, no bonds issued or work done under said proceedings, and that the contractor for the improvement had consented that said judgment might be set aside, and the court ordered that said judgment of confirmation be vacated and set aside and new notice given to all property owners described in the assessment roll who had not theretofore appeared generally in said cause, in accordance with the provisions of the statute.

The record contains a notice of the hearing for confirmation of the assessment, which states that application for confirmation of said assessment will be made in said

court on June 15, 1914, at nine o'clock A. M., or as soon thereafter as the business of the court will permit, and that all persons desiring may file objections in said court before the day last above mentioned and may appear on the hearing and make their defense. The order entered on this hearing confirming the assessment roll was not introduced in evidence. It is, however, stated in the briefs of counsel for both parties that such an order was entered. The petition for the levying of an assessment to pay the cost of the improvement, together with the recommendation of the board of local improvements, the estimate of the engineer, the ordinance providing for the construction of the improvement, and the certificate of the board of local improvements and engineer of the final completion and acceptance of the work, were also introduced in evidence.

The substance of the objections filed is: (1) That the court had no jurisdiction of the persons of the objectors in the proceedings in which the proceedings supposed to have been entered were vacated, and that the notices purported to have been given did not state the true amount of public benefits nor the correct amount assessed to the property; (2) that the engineer's estimate was not made a part of the first resolution of the board of local improvements, does not itemize the cost of the improvement sufficiently, estimates the cost of tile and gravel and curb which are not mentioned in the ordinance, and does not estimate some expansion joints and square yards of pavement, curb, gutter and catch-basins provided for in the ordinance, nor some of the curbs, gutters and grout actually put into the improvement; (3) that the ordinance was not passed by the council, is not complete as a part of the same never has been attached to and filed with the ordinance, provides for an improvement not complete within itself, and does not describe the nature, character and location of the work; that no grade can be determined, and it cannot be told in what manner the rolling of said pavement was to be done;

that said ordinance is not accessible to said objectors and is a fraud upon them; that it provides for some expansion joints not provided by the estimate and for curb and gutter not itemized, does not provide for tile, gravel, etc., itemized in the estimate, does not provide for catch-basins, does not refer to a valid datum ordinance or have within itself a valid datum, provides for the building of eleven inches of pavement in a space of ten and three-quarters inches, contains no specific provision for the collection of interest on the deferred payments of the assessment, and provides for a different improvement than the one for which the objectors are assessed; (4) that the completed improvement costs less than the amount assessed; that $561.13 was applied to payment of interest on vouchers for which the ordinance did not provide, and that the part of the costs to be paid by general taxation has not been paid or itemized in the statements of payment; that a gutter was constructed and not itemized in the payment nor provided for in the ordinance or estimate; that expansion joints were not put in said pavement, as provided by the ordinance; that the acceptance of the said improvement was itself a fraud upon the objectors, and the proceedings prior to the confirmation of the assessment and subsequent thereto are void and conferred upon the court no jurisdiction to hear and determine said cause.

The substance of the errors assigned is substantially the same as the objections filed in the county court, with the additional assignment that the court erred in overruling each of the objections to the application for judgment, in refusing to admit competent evidence offered on the part of the plaintiff in error, and that the judgment rendered is void because not in the form prescribed by law. No evidence was offered in support of any of the objections except the portion of the record and proceedings for the confirmation of the assessment roll as above stated. From a consideration of the objections filed and the evidence offered in sup-

port of the same it is apparent that the questions raised and insisted upon by plaintiff in error in this court are of such a character that they should have been raised on the application for confirmation of the assessment roll or on the application to approve the certificate of the board of local improvements of the final completion and acceptance of the work, and cannot be raised on the application for judgment and order of sale for such delinquent special assessment.

In *People* v. *Carnahan,* 270 Ill. 489, we held, following the rule laid down in *People* v. *Martin,* 243 Ill. 284, that on the hearing on the application for judgment and order of sale of property for a delinquent special assessment no objections can be urged to the tax which might have been urged on the hearing to confirm the assessment roll except such as go to the jurisdiction of the court to enter the judgment of confirmation, which want of jurisdiction must appear upon the face of the record. In *Martin* v. *McCall,* 247 Ill. 484, we held that the order of the county court approving the certificate of final completion and acceptance of the work is conclusive of the question that the work has been done in substantial compliance with the ordinance and is of the nature and character provided for by such ordinance. Under the holding in these and other cases which might be cited, it is clear that the objections urged by plaintiff in error to the validity of the proceeding for the making of the improvement are of such a character that she is concluded by the order of the court confirming the assessment roll, unless want of jurisdiction to enter such order appears on the face of such record.

The People made out their *prima facie* case when they made due proof of the county collector's sworn report of the return of the list of delinquent lands and proof of publication thereof, together with notice of the application for judgment and order of sale. (*People* v. *Jones,* 277 Ill. 353.) The presumption is that the tax is valid, and the burden of proof is upon plaintiff in error to show its in-

validity. For this purpose plaintiff in error offered in evidence that part of the record of the proceedings for the spreading of the assessment which shows that at a term subsequent to that at which the first order was entered confirming the assessment roll, the court set aside so much of that order as confirmed the assessment roll as to those served by publication and re-set the hearing on the application to confirm the assessment roll as to such parties for June 15, 1914. It is not contended that a further order of confirmation was not entered on such subsequent date, but it is insisted that such order is void and of no effect. Neither the first order confirming the assessment roll nor the subsequent order of June 15, 1914, the validity of which orders is attacked, is in the record. Plaintiff in error may have appeared and participated in the proceedings in which each order was entered and urged the same objections to the validity of those proceedings and the ordinance for the improvement that she is now making. At all events, this is a collateral attack upon the validity of those proceedings, and the burden of proof was upon plaintiff in error to show want of jurisdiction in the court to enter the order complained of, which want of jurisdiction must appear upon the face of the record of those proceedings. (*People* v. *Carnahan, supra.*) No such proof was made in this case. The proceedings on the hearing for the confirmation of the assessment and the orders of confirmation of the assessment roll are not in the record. It is conceded such orders were entered. In the absence of such orders and of sufficient proof of want of jurisdiction in the court to enter such orders apparent on the face of the record, the validity of such orders will be presumed in this collateral proceeding. As the objections urged by plaintiff in error to the tax are of such a character as to be concluded by the order of confirmation and certificate of the completion and acceptance of the work, the action of the county court in overruling the objections was right and will be affirmed.

It is further urged that the judgment entered is void because not in the form prescribed by law. The clerk's record shows the following order entered: "Hearing on this case was taken up pursuant to continuance and completed. Judgment was rendered for the full amount of tax as per delinquent list, together with costs, interest and penalties as provided by law. Motion by the objector for rehearing overruled. Exceptions entered and appeal prayed. Same granted upon filing a $200 bond and bill of exceptions within sixty days." This is not a judgment in favor of anyone against the lands and lots in question, and does not show the amount of costs, interest and penalties for which judgment was rendered. The judgment should be against the lands or tracts of lands returned delinquent and in favor of the People of the State of Illinois. Section 191 of the Revenue act prescribes the form of the judgment to be entered, and we have frequently held that the judgment entered must be in substantial compliance with that statute, (*Gage* v. *People,* 213 Ill. 347,) and must show the amount of the judgment, interest, penalty and costs as to each item of the tax. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 281 Ill. 500.) Where, however, the error complained of is only as to the form of the judgment as entered, a new trial will not be awarded but the judgment will be reversed and the cause remanded to the lower court for the entering of a proper judgment, in accordance with the provisions of section 191 of the Revenue act. *People* v. *Chicago, Burlington and Quincy Railroad Co. supra; People* v. *Smythe,* 232 Ill. 242.

For the reasons given the judgment of the county court must be reversed and the cause remanded to that court, with directions to enter a judgment and order of sale in compliance with the statute, and spread the same on the tax, judgment, sale, redemption and forfeiture record.

*Reversed and remanded, with directions.*