(No. 14263.—Reversed and remanded.)

THE PEOPLE *ex rel.* T. W. Mercer, County Collector, Appellee, *vs.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 22, 1921.*

1. TAXES—*organization of school district cannot be attacked in proceeding to collect taxes.* In a proceeding by the county collector for judgment for delinquent taxes an irregularity in the organization of a school district cannot be set up as an objection to taxes levied by the purported officers of the district.

2. SAME—*when section 4 of validating act of 1921 cannot be set up as validating tax.* Section 4 of the high school validating act of May 10, 1921, cannot be set up in a proceeding by the county collector for judgment for taxes as validating taxes illegally levied in a community high school district which does not itself come within the terms of such validating act.

3. SAME—*act of June 10, 1921, cannot validate school taxes levied by district organized after time for making levy.* The act of June 10, 1921, (Laws of 1921, p. 831,) "to validate tax levies in school districts," does not apply to a tax levied after the time required by law, where the district was not in existence at the time prescribed by statute for making the levy. (*People* v. *Rich, post,* p. 80, followed.)

4. SAME—*when act of June 10, 1921, does not validate levy of school tax substituted for former levy.* The act of June 10, 1921, cannot be applied to validate a levy of a school tax made after the required time as a substitute for a former valid levy made within the time prescribed by law, and the tax extended on the invalid certificate, in so far as it exceeds the amount stated in the certificate of the valid levy, is invalid.

5. SAME—*judgment for taxes must conform to section 191 of Revenue act.* The judgment entered in a county collector's proceeding for delinquent taxes must be in substantial compliance with the form prescribed by section 191 of the Revenue act, and must show the amount of the judgment, interest, penalty and costs as to each item of the tax.

FARMER and THOMPSON, JJ., dissenting.

APPEAL from the County Court of Bureau county; the Hon. J. R. PRICHARD, Judge, presiding.

HORACE R. BROWN, and CLAUDE BROWN, for appellant.

CAREY R. JOHNSON, State's Attorney, (LOUIS A. ZEAR-ING, of counsel,) for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Appellant objected to certain taxes levied by Community High School District No. 511, in Bureau county; also to certain taxes levied by school district No. 103 in said county. On the hearing the objections to both taxes were overruled, and the cause comes here for review.

Community High School District No. 511 was organized pursuant to an election held on October 16, 1920, for that purpose, and on November 15, 1920, the board of education issued a certificate of levy in the usual form, in which it stated the sum of $10,000 was required to be levied for educational purposes. This certificate was filed with the county clerk on December 13, 1920. The amount of tax objected to under this levy is $244.11. It appears to be conceded by both parties hereto that the act of the board of education was not, of itself, sufficient to create a valid tax under the rule laid down in *People* v. *Wabash Railway Co.* 296 Ill. 518 and 527, for the reason that the district was not organized until after the first Tuesday of August, 1920, unless it comes within a certain validating act entitled "An act to legalize the organization of certain high school districts," passed and in force May 10, 1921, (Laws of 1921, p. 797,) section 4 of which legalizes any levy of taxes made by the board of education of such districts as are validated, notwithstanding such levy may not have been made in accordance with law.

Appellant contends that section 4 of the validating act of May 10, 1921, is unconstitutional; that the fourth clause is an exception to section 190 of the general School law and

not contained in the enacting clause of the general School
law; that since it is an exception to such act the burden of
proof is on the appellee to show that the instant case comes
within said validating act.   Whether a district the purported
officers of which have levied a tax has been validly organ-
ized is not a matter that can be inquired into in a proceed-
ing arising on objection to taxes.   (*People* v. *Leigh,* 282
Ill. 17; *People* v. *Dyer,* 205 id. 575; *Evans* v. *Lewis,* 121
id. 478; *Blake* v. *People,* 109 id. 504; *Osborn* v. *People,*
103 id. 224; *Trumbo* v. *People,* 75 id. 561.)   The act of
May 10, 1921, is intended to legalize only those districts
irregularly formed.   If there was no irregularity in the or-
ganization of the district,—and, as we have seen, such mat-
ter cannot be inquired into in a proceeding of this char-
acter,—the act of 1921 can have no application as to the
validity of a tax shown on its face to have been illegally
levied.   The provision in section 4 by which appellee con-
tends this tax was validated applies only to such districts
as are affected by the validating act.   Said section declares
the tax legal and valid in "such district."   It does not pur-
port to validate the taxes illegally levied by a school dis-
trict that has been validly organized in the first instance.
Whether the validating act applies depends upon whether
or not the district was illegally organized.   It is conceded
that there was an attempt here to organize a district.   There
was in existence a valid law under which this district might
have been organized, and the legality of its organization
could not be inquired into on the application of the county
collector for judgment.   (*People* v. *Dyer, supra.*)   The
county court did not err in refusing to admit proof of the
valid organization of the district.

But it is contended by appellee that even if this be so,
there was another validating act passed by the legislature
approved and in force June 10, 1921, entitled "An act to
validate tax levies in school districts."   (Laws of 1921,

p. 831.) This act provides that whenever a board of directors or board of education returns a certificate of tax levy after the second Tuesday in August prior to the passing of the act, the same "shall be considered as valid and as of the same effect as if the certificate had been returned to the township treasurer on or before the first Tuesday of August, and had been returned by the township treasurer to the county clerk on or before the second Monday of August." This question arose in *People* v. *Rich,* (*post,* p. 80,) where a like state of facts obtained, and it was there held that the validating act of June 10, 1921, does not apply to a tax levied after the time required by law where the district was not in existence at the time prescribed by statute for the making of the levy. That decision is controlling here.

Concerning the objection to the taxes levied for district No. 103, it appears that a levy and return of certificate in regular form was made by the officers of this district and filed with the township treasurer within the time required by law, in which it was certified that the district required the sum of $15,500 for educational purposes and the sum of $7000 for building purposes. It also appears that the officers of this district issued another certificate under date of October 22, 1920, certifying that they require the sum of $23,300 for educational purposes and $5000 for building purposes. This certificate was filed with the county clerk on the 28th day of October, and the tax was extended in accordance with the sums certified in this latter certificate. On this certificate, in the margin at the top, appear the words, "To supersede levy of 1920," and in the margin at the bottom is another note in lead pencil, "Take this instead of the former one." It appears from the testimony of the township treasurer that he did not receive the second certificate and that he had no recollection of ever seeing it, although he appears to have changed on his

memorandum of taxes levied, the amount of such tax to correspond with the second certificate; nor does it appear who filed the certificate.

It is urged that the tax extended in this case is void for the reason that the certificate of October 22 was not delivered to the township treasurer and returned to the county clerk within the time required by law; that it was, in fact, not delivered to the township treasurer at all or by him returned to the county clerk; that it does not appear from the record that the officers of district No. 103 ever ascertained the amount required for educational purposes. It does not appear from the record in this case whether the certificate of October 22 was an amendment to the certificate of August 10 to make such certificate comply with the record of the board as it existed on August 10, or whether the record of the board has been amended and the certificate of October 22 issued to comply with such record as amended. There is nothing in this record to in any way lead to the conclusion that the certificate of October 22 was merely an amendment to speak the truth of the acts of the board. It follows, under *People* v. *Wabash Railway Co.* 296 Ill. 518, that the certificate of October 22 was invalid. It appears, however, that the valid and regular certificate of August 10 had been duly and in the time required by law filed with the county clerk. It was therefore his duty to extend the tax on the certificate of August 10, and instead of extending it for the sum of $23,300 for educational purposes and $5000 for building purposes he should have extended it for $15,500 for educational purposes and $7000 for building purposes, in accordance with the certificate of August 10.

It is contended, also, that the validating act of June 10, by which it is sought to validate the tax levy not made within the time required by statute, also validates this tax. This is not a case where the officers did not make a valid

levy within the time prescribed by law. A valid levy was made. The validating act of June 10, therefore, can have no application to this levy. The tax, in so far as it exceeds the amount stated in the certificate of August 10, is invalid. That part of the tax of appellant derived by computing the same on the basis of the certificate of August 10 is valid, and the order of the court in connection with this tax should be amended in accordance with these views. As to this tax the judgment is reversed and the cause remanded, with directions to sustain the objection to the tax as to district No. 103 and to enter judgment for that portion of the tax to be derived from the certificate of levy of August 10 in accordance with the views herein expressed.

It is also objected that the judgment in this case is not in the form required by the statute. This objection is likewise good, and on re-entry of judgment herein judgment should be entered in the form required by the statute. Section 191 of the Revenue act prescribes the form of the judgment, and it has been frequently held by this court that the judgment entered must be in substantial compliance with that statute, (*People* v. *Glick,* 282 Ill. 198; *Gage* v. *People,* 213 id. 347;) and must show the amount of the judgment, interest, penalty and costs as to each item of the tax. *People* v. *Chicago, Burlington and Quincy Railroad Co.* 281 Ill. 500.

For the reasons herein indicated the judgment in this case is reversed and the cause remanded for further proceedings in conformity to the views herein expressed.

*Reversed and remanded, with directions.*

FARMER and THOMPSON, JJ., dissenting.