AMBROSE TRUMBO

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. SCHOOL DISTRICTS — *new one cannot be formed whose line is brought nearer than one mile to any school house.* Under section 33 of the school law, no new school district can be legally formed, the boundary line of which shall be nearer than one mile to any school house already built.

71—75TH ILL.

2. SCHOOL TAX — *cannot be resisted on the ground that the district levying the same was illegally formed.* Notwithstanding a new school district is illegally formed, this will afford no ground for resisting the collection of taxes levied therein by the directors, as they are *de facto* officers, exercising an office to which the power to levy a tax is incident. The only mode in which the illegality of the formation of the district can be inquired into, is by an information in the nature of a *quo warranto* against the directors.

3. OFFICERS — *acts of de facto officers binding.* It is a well settled principle that the acts of officers *de facto* are as valid and effectual, where they concern the public, or the rights of third persons, as though they were officers *de jure,* and that the title to an office cannot be decided in a collateral suit, but only in a direct proceeding for that purpose.

APPEAL from the Circuit Court of La Salle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Messrs. BUSHNELL, BULL & GILMAN, for the appellant.

Mr. CHARLES BLANCHARD, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a proceeding originally commenced in the county court of La Salle county, for the purpose of obtaining judgment for a district school tax against certain real estate of appellant. The application for judgment was defeated in the county court, an appeal taken to the circuit court, where judgment was rendered for the taxes and the lands ordered to be sold, from which judgment this appeal was taken.

The question is, as to the rightful formation of the school district which assumed to levy the taxes, and the consequences thereof if not legally formed. The case was tried below upon an agreed state of facts:

That on the 7th day of April, 1873, a petition was presented to the trustees of schools of township thirty-three, in range four, in La Salle county, by a majority of the voters residing in each of the school districts Nos. 7 and 10 in said township, showing that a portion of the inhabitants of said school districts were not properly accommodated with school privileges, and requesting

the board of trustees to set off and organize a new district from the following described territory (here follows the description), all of said territory being then attached to and forming a part of the aforenamed districts, Nos. 7 and 10. Thereupon the board of trustees from the two old districts formed a new district, which they designated No. 6. The school property in districts Nos. 7 and 10 was appraised, district No. 6 organized, and a school house built therein, to pay for which the tax in question was levied The land of appellant, against which the judgment was rendered, was formerly in district No. 7, and by the formation of district No. 6, was placed within the boundaries of the latter district.

It was stipulated that the district lines of the new district, No. 6, were brought within one mile of the school houses in each of the old districts, Nos. 7 and 10.

The provision of law as to the formation of school districts is contained in section 33 of the school law, and is as follows:

§ 33. " Trustees of schools in newly organized townships shall lay off the township into one or more districts, to suit the wishes and convenience of a majority of the inhabitants of the township, and shall prepare, or cause to be prepared, a map of the township, on which map shall be designated the district or districts, to be styled, when there are more than one, ' District No.   , in township No.   ,' which districts they shall change at any regular meeting, upon the following conditions, and not otherwise."

Then follow five enumerated cases, the third one of which is as follows:

" *Third.* Upon petition of all the voters in any territory containing not less than five families, representing that they are not properly accommodated with school privileges, but will be by being added to another district, or formed into a new district; and upon petition of a majority of the voters of such other district, if any, it shall be the duty of the trustees of the township or townships in which such territory, or territory and district

are situated, to set off such territory : *Provided*, that such change shall not be made when the district from which the petitioners desire to be severed has a bonded debt, nor when the new district line will be brought nearer than one mile to any school house."

We are of opinion this case falls under the third class, although some question is made in that respect. We do not see how, under this section, after the township has once been laid off into school districts, a new district can be formed out of other already existing districts lying wholly in one township, except in accordance with the provisions of this third clause. It seems to us to be the only one which is applicable to such case, and it was so held in *School Trustees T.* 14, *R.* 5 *W.* v. *The People*, decided at the January term, 1874, of this court.

The new district, then, was not legally formed, because the line of it was brought nearer than one mile to any school house. This was in direct violation of one of the above named conditions of the said third clause of section 33, and by another provision of the section the district was authorized to be formed upon those conditions, and not otherwise.

Yet, notwithstanding the school district was thus illegally formed, in violation of this statutory condition, a majority of the court are of opinion that, in this collateral proceeding, the legality of the formation of the district cannot be inquired into, but that it must be taken as having been rightfully formed; and that the only mode in which the illegality can be inquired into and taken advantage of, is by information in the nature of a *quo warranto*.

The directors of school districts are by statute declared to be bodies politic and corporate. They are invested with corporate powers for a few specified purposes. There was here a school district *de facto ;* these school directors had been elected for it, they had proceeded to build a school house, and the tax in question was levied for the purpose of paying for the school house. The directors were officers *de facto* by color of election,

exercising an office to which the power to levy the tax is incident.

It does not follow that, in such case as the present, there is an obvious violation of the required condition in the formation of a school district, and that there was a plain usurpation of an office without show of title — as it may frequently be a question of doubt whether the line of a new proposed district comes within a mile of a school house, requiring, perhaps, actual measurement in order to the precise determination of the fact.

It is a well settled principle that the acts of officers *de facto* are as valid and effectual, when they concern the public, or the rights of third persons, as though they were officers *de jure*, and that the title to an office, in such a case as the present, cannot be decided in a collateral suit, but it must be in a direct proceeding. *Schofield* v. *Mulkins*, 22 Ill. 66 ; *Munson* v, *Minor*, id. 594 ; *Metz* v. *Anderson*, 23 id. 463 ; *Town of Lewiston* v. *Proctor*, id. 533 ; *Wilcox* v. *Smith*, 5 Wend. 231 ; *The People* v. *Stevens*, 5 Hill, 616 ; *Charitable Association* v. *Baldwin*, 1 Metc. 359 ; *Baird* v. *Bank of Washington*, 11 Serg. & R. 411 ; *Tar River Navigation Company* v. *Neal*, 3 Hawks. 520 ; *Cocke* v. *Halsey*, 16 Pet. 71 ; Ang. & Ames on Corp., §§ 286, 287, and note to § 738 ; *Regina* v. *Chester*, 34 Eng. L. & Eq. 59 ; *Fowler* v. *Bebee*, 9 Mass. 231 ; *Buckman* v. *Ruggles*, 15 id. 180.

We do not regard the decision here as in conflict with those in the unreported cases of *Stowe* v. *Flagg*, June term, 1874, and *Bigelow* v. *Gregory et al.*, Sept. term, 1874, where it was held that, in suits against individuals who set up, in defense against their individual liability, that they had formed themselves into a corporation under the general incorporation act when the alleged causes of action arose, and that their liability, if any, was a corporate one, such defense might be resisted by showing that the pretended corporation had not been legally formed, because of non-compliance with a statutory prerequisite to the organization of the corporation.

But those were attempts on the part of defendants to escape from personal responsibility, by setting up, in avoidance, a corporate liability, if there was any liability.

The present case is different, requiring, we think, a different decision.

The judgment of the court below will be affirmed.

*Judgment affirmed.*