THE PEOPLE *ex rel.* Louis C. Huck

*v.*

TRUSTEES OF THE ESTATE OF WALTER L. NEWBERRY *et al.*

| | |
|---|---|
| 87 | 41 |
| 134 | 342 |
| 135 | 471 |
| 87 | 41 |
| 156 | 545 |
| 87 | 41 |
| 167 | 335 |
| 87 | 41 |
| 171 | 430 |

1.  SCHOOL DISTRICT—*change in, can not be questioned collaterally.*   In defense to an application for judgment for school taxes, it is not competent to determine the legality of proceedings changing the boundaries of school districts.

2.  SAME — *change in, how questioned — quo warranto.*   Where a part is attempted to be taken from one school district and added to another, the legality of the change can be tested only by *quo warranto* against the directors of the latter district, for attempting to exercise corporate powers over the newly added territory.

3.  SAME—*change.*   A failure to file a copy of the record of the proceedings of the board of trustees in reference to the plat and change of the boundary lines between two school districts, together with a list of the tax-payers, in the office of the county clerk, will not prevent there being at least a *de facto* organization of one of the districts extending over a portion of a former district.

4.  SCHOOL OFFICERS—*presumption.*   The presumption in regard to the acts of school as well as other public officers, when assailed collaterally, is, that they are lawful until the contrary is clearly established.

APPEAL from the County Court of Cook county; the Hon. MARTIN R. M. WALLACE, Judge, presiding.

This was an application for judgment for delinquent school taxes.

The following is agreed to by the counsel for the respective parties:

"At the July term, 1877, of said court, the trustees of the estate of Walter L. Newberry, deceased, Robert R. Clarke, Joseph Bickerdike and George Bickerdike, filed objections to the entering of judgment against their property for the school tax extended against the same for the year 1876, on the ground that said property was located in school district No. 2, while the tax extended against said property was levied by district No. 13, of said township of Jefferson.

"Prior to the year 1875, the property of objectors was undisputedly in district No. 2, and during said year 1875 the school trustees of said township of Jefferson undertook to change the boundary lines of district No. 13, by adding thereto a portion of the territory embraced in said district No. 2, including the property of objectors.

"The clerk of said board of trustees filed in the office of the county clerk of said county a plat, upon which the property of the objectors is shown as lying in district No. 13, but did not file a copy of the record of the proceedings of the board in reference to such plat or change of boundary lines between districts No. 2 and 13, and did not file a list of taxpayers in said office of the county clerk; nor have any documents relating to any change in the boundary lines between said districts Nos. 2 and 13, except said plat, been filed at any time in the office of the said county clerk.

"The court thereupon refused the application for judgment on the ground mentioned in said objection.

"It is hereby further agreed in said cause, that appeal bond, on the part of appellant, is waived; and the Supreme Court

may decide said cause upon the foregoing agreed statement of facts—no other record or transcript of record being required."

Upon this, judgment was rendered in favor of the objectors, and the case is brought here upon the appeal of the collector.

Mr. JOHN M. ROUNTREE, and Messrs. BALDWIN & HANNA, for the appellant.

Messrs. D. C. & C. W. NICHOLES, and Mr. JOHN P. WILSON, for the appellees.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

The facts presented here, show that the school trustees of the town of Jefferson, during the year 1875, undertook to change the boundary lines of district No. 13, by adding thereto a portion of the territory embraced in district No. 2—and the territory thus embraced includes the property of the objectors. It is shown that the clerk of the board of trustees filed in the office of the county clerk a plat, upon which the property of the objectors is described as lying in district No. 13, and it is assessed and taxes extended against it as being within that district. It is, therefore, clear, that the present *de facto* district No. 13 includes the property of the objectors.

We think it is only pertinent to inquire whether, in this collateral proceeding, it is competent to determine the legality of the proceedings changing the boundaries of districts Nos. 2 and 13.

In *Trumbo* v. *The People*, 75 Ill. 561, a new district was formed, which was clearly within the prohibition of the statute, but it was said: "Yet, notwithstanding the school district was thus illegally formed, in violation of this statutory condition, a majority of the court are of opinion that, in this collateral proceeding, the legality of the formation of the district can not be inquired into, but that it must be taken as having been rightfully formed, and that the only mode in which the

illegality can be inquired into and taken advantage of, is by an information in the nature of a *quo warranto.*"

We are unable to perceive why this principle should be applicable to the original formation of a district, and yet not applicable to its re-formation. The inquiry, whether it affects the whole or only a part, is the same; and the policy which forbids inquiry as to the lawfulness of the organization of the district, except by a direct proceeding for that purpose, equally forbids inquiry as to the lawfulness of the organization of a part of the district, except by a direct proceeding for that purpose.

District No. 13, as now recognized by the corporate authorities of the district and the township, embraces the lands of the objectors, and the corporate franchise of the district is exercised with reference to them, by imposing and seeking to collect taxes, to the same extent and in the same manner that it is exercised with reference to all other lands in the district.

There is no pretense that these lands are taxed as belonging to district No. 2, but the case presented shows that the proper corporate officers treat them as having been properly excluded from district No. 2, and included as a part of district No. 13.

The presumption in regard to the acts of school, as well as of all other public officers, when assailed collaterally, is, that they are lawful until the contrary is clearly established; and, hence, we can, in the present case, indulge in no presumption of irregularity except that which it is expressly agreed exists. The irregularity that is conceded here, is simply that a copy of the record of the proceedings of the board of trustees in reference to the plat and change of the boundary lines between districts Nos. 2 and 13, together with a list of the taxpayers, was not filed in the office of the county clerk. Since the plat that was filed with the county clerk, showing the change in the boundaries of the district, is the only record that seems to subserve any useful end, and the names of the tax-payers, who must necessarily change from time to time, can only be correctly obtained when taxes are due, from the

assessor's books, it is difficult to conceive what purpose is to be attained by filing the papers here omitted; and it is impossible to say that this omission prevents there being, at least, a *de facto* organization of district No. 13, extending over the objectors' lands.

The objection seems to be purely technical, but, at all events, to have been availed of it should have been raised by *quo warranto* against the corporate authorities, to show by what authority they assumed to exercise the corporate franchise with reference to the objector's lands.

The judgment is reversed and the cause remanded.

*Judgment reversed.*