---

(No. 11670.—Judgment affirmed.)
THE PEOPLE *ex rel.* Bernard Haugens, County Collector, Appellee, *vs.* EDWIN R. LEIGH *et al.* Appellants.

*Opinion filed December 19, 1917.*

TAXES—*whether high school district is within curative act can not be inquired into on application for judgment for taxes.* On application for judgment and order of sale for high school taxes, the question whether the high school district comes within the provisions of the curative act of 1917 validating the organization of certain districts cannot be inquired into.

CARTWRIGHT, DUNN and DUNCAN, JJ., dissenting.

APPEAL from the County Court of Marshall county; the Hon. D. H. GREGG, Judge, presiding.

BARNES & MAGOON, for appellants.

ANDREW TRACY, Acting State's Attorney, (CLARENCE W. HEYL, QUINN & QUINN, and CHARLES V. O'HERN, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

The county court of Marshall county overruled objections filed by a large number of land owners to judgment for school taxes levied in Township High School District No. 19, in Marshall county, and rendered judgment on the application of the collector for said taxes. The objectors

prayed and were allowed an appeal, but a large number of them not having joined in the appeal bond, a motion in this court to dismiss the appeal as to those not joining in the bond was allowed. The sole objection to the tax preserved for our review is that the high school district was organized under the act of 1911, which was held unconstitutional in *People* v. *Weis,* 275 Ill. 581, and that therefore the district is neither a *de facto* nor a *de jure* corporation, and the persons assuming to act as members of the board of education of said district are neither *de jure* nor *de facto* officers.

Proceedings had been instituted and were pending to test the validity of the organization of said high school district at the time of the hearing in the county court upon the application of the county collector for judgment but had not been disposed of. By an act approved and in force June 14, 1917, the legislature declared legal every high school district formed of contiguous and compact territory where a majority of the inhabitants of said territory voting on the proposition had voted, at an election called for the purpose by the county superintendent of schools, in favor of the organization of such territory into a high school district, and boards of education elected at an election subsequently called for the purpose of electing boards of education were declared to be valid boards and their acts legal and valid in all respects. We have held that enactment valid as to all districts coming within its provisions. (*People* v. *Madison,* 280 Ill. 96; *People* v. *Fifer,* id. 506; *People* v. *Stitt,* id. 553.) Whether this high school district came within the provisions of the act of 1917 cannot be inquired into in this proceeding. *Trumbo* v. *People,* 75 Ill. 561; *People* v. *Dyer,* 205 id. 575; *Evans* v. *Lewis,* 121 id. 478.

The judgment of the county court is affirmed.

*Judgment affirmed.*

CARTWRIGHT, DUNN and DUNCAN, JJ., dissenting.