(No. 14916.—Judgment affirmed.)

THE PEOPLE *ex rel.* Imon A. Bankson, County Collector,
Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO
AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed December 19, 1922.*

1. TAXES—*when tax to purchase right of way for State aid·road is valid.* A special tax to purchase a right of way for a State bond issue road and for the construction and maintenance of hard roads, levied by the county board pursuant to a vote under section 126 of the Road and Bridge act, is valid where the roads have not been taken over by the State but are still under the jurisdiction of the several road districts.

2. SAME—*when additional tax for State aid roads may be levied regardless of a special tax authorized by vote.* The fact that a special tax of ten cents on the $100 valuation has been authorized by a vote of the people in November, 1921, under section 126 of the Road and Bridge act, to retire a bond issue authorized at such election, does not preclude the county board from levying the additional tax of twenty-five cents authorized by paragraph 6 of section 25 of the Counties act for State aid roads.

3. SAME—*what must be determined by county board before submitting proposition for excess tax.* Before a county board can submit to the voters the proposition of levying an additional tax for general county purposes the board must determine and enter of record an order setting forth the amount of excess taxes required, the purpose for which such taxes are required, and the number of years it will be necessary to levy the same.

4. SAME—*when objection to excess county tax is not sustained.* Where an excess tax to pay indebtedness of the county has been authorized by vote in 1917 to continue for five years, an objection that such tax is not needed in the year 1921 is not sustained where the resolution of the county board making the levy for the year 1921 recites that the additional tax is "for the purpose of paying the indebtedness of said county" and the objector makes no proof that there is no outstanding indebtedness against the county.

5. SAME—*school tax extended on invalid certificate may be reduced to correspond with valid certificate on file.* Where a school board has made a valid levy of a tax for educational and building purposes and the certificate of levy is filed, a subsequent certificate filed by the president and secretary of the board making a change in the former levy without a meeting of the board is invalid, but

a tax extended on the invalid certificate is not entirely void and may be reduced by the court to correspond with the valid certificate on file.

6. SAME—*validity of school district cannot be questioned on application for judgment for tax.* The validity of the organization of a community high school district cannot be questioned in a county collector's application for judgment for delinquent taxes, even though the district is being attacked by *quo warranto* and the cause is pending in the courts.

APPEAL from the County Court of Pulaski county; the Hon. FRED HOOD, Judge, presiding.

P. J. KOLB, and WALL, MARTIN & WALL, (L. J. HACKNEY, H. N. QUIGLEY, and R. C. PORTER, of counsel,) for appellant.

L. H. BOYD, State's Attorney, for appellee.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Appellant filed objections in the county court of Pulaski county to certain county and school taxes and its objections were overruled. Judgment was entered accordingly, and this appeal followed.

In November, 1921, the county board of Pulaski county, pursuant to the provisions of section 126 of the Road and Bridge act, on a petition of 100 land owners who were legal voters in said county, presented to the legal voters of the county, at the regular election for county commissioner, the proposition of authorizing a special tax of ten cents on each $100 assessed value for a period of five years, the money derived from the tax to be used to assist certain road districts in said county in the construction of roads. The petition to the county board specified that the money derived from the tax was to be used, first, in aiding certain road districts in said county to "purchase the right of way for the new State bond issue road, route No. 2, as already

surveyed and laid out by the State highway department," and that the part remaining after said purchase is to be used in aiding certain other road districts in said county "in the construction and maintenance of hard roads." This item of tax levy against appellant's property for the year 1921 amounted to $333.53, and the objection to the tax is that the county has no authority, under this or any other statute, to levy a tax for the purpose of buying a right of way for a State bond issue road. There is no evidence in the record that the roads proposed to be improved have been taken over by the State highway department. So far as this record shows, the roads are still under the jurisdiction of the several road districts. As long as this condition exists, and as long as the road districts are required by law to construct and maintain their highways, the county board is authorized by section 126 to assist the road districts in the construction of their roads. The purchase of a right of way for a new road is one of the elements of the cost of constructing such a road. The legal voters of the county authorized the board to levy this tax for the purpose of aiding certain designated road districts in the construction of roads, and the burden is on appellant to show that the tax has been levied for an illegal purpose. This it has failed to show, and the objection was properly overruled.

Pursuant to the provisions of paragraph 6 of section 25 of the County act, the county board levied for the year 1921, in addition to a tax of fifty cents on each $100 valuation for general county purposes, a tax of twenty-five cents on each $100 valuation for the purpose of improving and maintaining the State aid roads. The tax extended against the property of appellant on this item amounted to $833.81. Said section 25 provides that "the county boards of the several counties shall have power: * * * Sixth—To cause to be annually levied and collected, taxes for county purposes, * * * not exceeding fifty cents on the $100 valuation, * * * and also in addition thereto an annual tax

not to exceed twenty-five cents on the $100 valuation for the purposes of improving and maintaining the State aid roads and of paying the interest and principal of bonded indebtedness heretofore duly authorized for the construction of State aid roads in the county, unless additional taxes for said bonds and interest or improvement and maintenance have otherwise been authorized by a vote of the people of the county."

It is contended that the additional tax of twenty-five cents levied for the purpose of improving and maintaining the State aid roads in Pulaski county cannot be levied because the legal voters of the county have otherwise authorized an additional tax for the purpose of paying the principal and interest of bonded indebtedness created for the purpose of constructing and maintaining highways in the county. The special tax considered in the preceding paragraph of this opinion was not a tax for the purpose "of improving and maintaining the State aid roads," nor was it a tax for the purpose "of paying the interest and principal of bonded indebtedness * * * duly authorized for the construction of State aid roads" prior to July 1, 1921, when the section above quoted became effective. It was a tax levied to retire a $15,000 bond issue authorized at an election held in November, 1921,—over four months after the act authorizing the levy of the annual tax of twenty-five cents for county highway purposes went into effect. Whatever construction is given the last clause in paragraph 6 of section 25 of the County act, it clearly has no reference to the special tax of ten cents authorized in November, 1921, pursuant to the provisions of section 126 of the Road and Bridge act, and so the authority to levy the tax considered in the preceding paragraph of this opinion does not affect the right of the county board of Pulaski county to levy the additional tax of twenty-five cents under consideration in this paragraph. The constitutional objections urged against paragraph 6 above quoted have been considered and decided

in *People* v. *New York Central Railroad Co.* (*ante*, p. 434.)
The objection to this item of highway tax was properly
overruled.

In September, 1917, the county board, pursuant to the
provisions of section 27 of the County act, determined that
it was necessary to assess taxes in excess of the seventy-five
cent rate for general county purposes for the purpose of
paying certain judgments and other outstanding obligations,
aggregating approximately $37,316. It found that the reg-
ular tax was barely sufficient to pay the necessary running
expenses of the county and that it would be necessary to
levy an additional tax of thirty-five cents on each $100 valu-
ation in excess of the seventy-five cents allowed by law, for
a period of five years, in order to raise an amount sufficient
to pay all outstanding obligations of the county. At the
time this additional tax was authorized the assessed value
of taxable property was fixed at one-third its actual value,
and the amount of additional taxes produced for each year
was approximately $8500. In 1919 the law was amended,
fixing the assessed value of property at one-half its actual
value, thereby increasing fifty per cent the amount of taxes
received when extended at a given rate, so that the amount
of the additional taxes produced for the year 1919 was ap-
proximately $13,500. The amount produced in the years
1919 and 1920 therefore approximately equaled the amount
that would have been produced in the three years from 1919
to 1921 if the taxable property had continued to be valued
at one-third its fair cash value. Appellant contends that
inasmuch as the purpose of the additional tax was to pay
the outstanding indebtedness determined by the board to ex-
ist at the time the order was entered pursuant to section 27,
and that inasmuch as there has been produced in the four-
year period 1917 to 1920, inclusive, an amount in excess
of the stated amount of indebtedness, the county board had
no authority to levy the additional tax for the year 1921.
Before a county board can submit to the voters the propo-

sition of levying an additional tax, the board must determine and enter of record an order setting forth, first, the amount of excess taxes required; second, the purpose for which the excess taxes are required; and third, the number of years it will be necessary to levy such excess taxes to produce the amount required. The resolution passed by the county board making the levy for the year 1921 levied the additional tax of thirty-five cents theretofore authorized by the vote of the people "for the purpose of paying the indebtedness of said county." According to the finding of the county board, the purpose for which the additional tax had been authorized had not been accomplished. Inasmuch as the tax-payers had authorized the levy of the additional tax for the period of five years the board had the power to make the levy. Appellant is not in a position to contend that the purpose has been accomplished, without making proof that there is no outstanding indebtedness against the county of Pulaski, and no such proof has been made. This objection was properly overruled.

June 3, 1921, the board of education of school district No. 15 held a meeting and determined that it was necessary to levy the sum of $12,000 as a special tax for educational purposes and the sum of $7000 as a special tax for building purposes for the year 1921. A certificate was properly prepared certifying this fact, and this certificate was filed with the county clerk August 1, 1921. The certificate was copied into the records of the board of education, and it is the only record of the board levying the tax. The record is informal and incomplete, but it shows sufficiently that action was taken by the board at a meeting regularly called, and it shows the amounts determined to be necessary to be raised by taxation for the use of the district for the current year. This was all that was necessary, and the county clerk should have computed the tax extended in accordance with this certificate. Thereafter, August 6, 1921, another certificate was filed with the county clerk which cer-

305—30

tified that the sum of $13,575.70 would be required for educational purposes and that the sum of $5100.88 would be required for building purposes. This certificate was filed by the president and secretary of the board of education, but there is no record of a meeting changing the levy made in June. The county clerk, at the request of the officers of the board of education, computed the special tax for district No. 15 in accordance with the second certificate filed, and it is contended by appellant that its tax, amounting to $1592.77, is void for the reason that the certificate on which the tax was computed was void. It is true that the second certificate is void, and the clerk was in error in computing the tax in accordance with it. There was filed with him a legal certificate, and in so far as the tax extended by the clerk against the lands in the district is supported by this certificate the tax is valid. The county court in overruling the objection properly reduced the tax to $1501.05, the amount legally extended under the valid certificate, and appellant is therefore not in a position to complain. (*People* v. *New York Central Railroad Co.* 301 Ill. 54.) There was no error in the action of the court on this objection.

Appellant objects to a tax of $2706.78 for Community High School District No. 36, the objection being that the validity of the organization of said district is being attacked by *quo warranto* and that the cause is still pending in the courts, undetermined. The question of the validity of the organization of this school district cannot be decided in this proceeding, (*People* v. *Dyer,* 205 Ill. 575; *People* v. *Mc-Kinnie,* 277 id. 342; *People* v. *Leigh,* 282 id. 17;) and so the county court properly overruled this objection.

The judgment of the county court is affirmed.

*Judgment affirmed.*