(No. 15001.—Judgment affirmed.)

THE PEOPLE *ex rel.* A. B. Carrithers, County Collector, Appellee, *vs.* SAMUEL ZEHR *et al.* Appellants.

*Opinion filed December 19, 1922.*

1. SCHOOLS—*organization of district cannot be questioned in a proceeding to collect delinquent tax.* Alleged illegality of the organization of a community high school district is not a matter that can be inquired into on application of the county collector for judgment for delinquent taxes levied by the school board.

2. TAXES—*what not ground for continuing application for judgment.* The court cannot pass upon the rights of parties to a lawsuit except as they arise upon the record, and a county collector's application for judgment for a delinquent tax levied by a community high school district need not be continued to await the determination of a *quo warranto* proceeding to test the validity of the organization of the district.

APPEAL from the County Court of Livingston county; the Hon. RAY SESLER, Judge, presiding.

F. A. ORTMAN, ARTHUR H. SHAY, and TUESBURG, WILSON & ARMSTRONG, for appellants.

ADSIT & THOMPSON, and JESSE J. HERR, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants, who are property owners in Community High School District No. 70, in Livingston county, objected to a judgment against their lands for delinquent taxes arising under a levy made by the board of said district. Their objections, as amended, were that the high school district had been illegally organized, in that the territory was not contiguous and compact; that the village of Cornell, where the building is proposed to be erected, is not a community center; that a petition for leave to file an information in the nature of *quo warranto* had been filed in the circuit court of Livingston county and denied by that court, and that a review of such order of denial

was and is pending in the Supreme Court. Appellee moved to strike these amended objections, and appellants filed a counter-motion to continue the cause until the determination of the *quo warranto* case on appeal. The court overruled the motion to continue and sustained appellee's motion to strike the objections from the files and entered judgment against the lands of the objectors for want of sufficient objections.

The main contention of appellants appears to be that the county court should have continued the cause on their objections until the disposition of the *quo warranto* matter now pending on appeal in this court. The basis of the objection to this tax was that the school district was irregularly and illegally organized. This court has held in numerous cases that whether a district whose board has levied a tax has been validly organized is not a matter that can be inquired into in a proceeding arising on application of the collector for judgment for delinquent taxes. (*People* v. *New York Central Railroad Co.* 301 Ill. 54, and cases there cited.) Counsel for appellants appear to concede this, but say that the cause should have been continued until after the question of the validity of the organization had been passed upon. This argument is without force. If the only objections filed were such as may not be availed of in a proceeding of this character, we are unable to see wherein appellants can claim the right to a continuance or hope for benefit arising therefrom.

It is urged that to enter judgment in this case for these taxes would result in great injustice to the appellants if the district should be held illegally organized. This court, however, cannot pass upon the rights of parties to a lawsuit except as they arise upon the record. We cannot presume that it will be ultimately held that this district was illegally organized. Such a presumption would be of no avail in a case where such illegality cannot be urged as an objection. Moreover, it appears that these taxes were levied before the

first Tuesday in August, 1921, and the *quo warranto* proceedings referred to were not filed by the relators therein until May 3, 1922,—four months after the taxes levied by the board of education had become due and payable.

The county court did not err in refusing to continue this cause and in entering judgment for the taxes. Its judgment will therefore be affirmed.     *Judgment affirmed.*