(No. 15818.—Reversed and remanded.)

THE PEOPLE *ex rel.* Ezra Heatherly, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed April 14, 1924.*

TAXES—*school tax cannot be levied after judgment of ouster in quo warranto—collateral attack.* A tax levied by a community high school district after a judgment in *quo warranto* ousting the board of education has been entered by the circuit court is invalid, as in such case the board of education is neither a *de jure* nor a *de facto* body and is without power to levy the tax even though the case is subsequently taken up on writ of error; nor is the objection to the tax a collateral attack upon the organization of the district.

APPEAL from the County Court of Saline county; the Hon. A. D. MORGAN, Judge, presiding .

P. J. KOLB, and W. W. WHEATLEY, (L. J. HACKNEY, H. N. QUIGLEY, and R. C. PORTER, of counsel,) for appellant.

A. G. ABNEY, and D. F. RUMSEY, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

The county collector of Saline county applied for judgment in the county court of that county for delinquent taxes levied and extended against appellant's property in Community High School District No. 103, in that county, in the sum of $1818.36, for the year 1922. Appellant objected to the tax, first, on the ground that the school district had prior to the levy of the tax been quashed and its board of education ousted by a judgment of the circuit court in a *quo warranto* proceeding and said judgment was in force and effect at the time the levy was made, and that for that reason the board of education had no authority to levy the

tax. The second objection was, that the property of the appellant against which judgment was asked had not been entered upon the tax, judgment, sale, redemption and forfeiture record, as required by section 188 of the Revenue act, and the court was therefore without jurisdiction to enter judgment. A motion was made by appellee to strike these objections from the files. Appellant filed a cross-motion to continue the cause until this court had rendered a final decision in the *quo warranto* proceeding. Neither of these motions was passed upon until after a hearing of the evidence, when an order was entered denying appellant's motion to continue and sustaining the motion of appellee to strike appellant's objections from the files. The county court in its judgment appears to have also overruled the objections and entered judgment in favor of the People on the objection known in this record as objection No. 17, and which is the only objection to be considered here, for the amount of the tax and costs, making a total of $1891.10.

Considering first the objection that a judgment was entered quashing the record of the organization of the district and ousting the board of education prior to the levy of the tax, the record shows that the tax in question was levied on July 11, 1922, and the certificate of levy was filed on August 7, 1922. *Quo warranto* proceedings had been filed in the circuit court of that county on September 21, 1921, and a judgment quashing the record of the district and ousting the board of education was entered by the circuit court on June 17, 1922. From this judgment the board of education prayed an appeal and filed its appeal bond on August 15, 1922. The bill of exceptions was filed with the clerk of the circuit court on August 16, 1922, and the record was filed in this court on September 11. The appeal was dismissed because the record had not been filed within the time required by statute, and a writ of error was sued out of this court and the record filed on October 6, 1922. An opinion was filed by this court reversing the judgment

312—4

of the circuit court, as to which opinion a rehearing was allowed. A *supersedeas* was issued out of this court on December 7, 1922.

The objection setting up these matters was filed July 31, 1923, so that at the time of the hearing on the application for a judgment in this case the *quo warranto* case stood on writ of error in this court to review the judgment quashing the record of the district and ousting the board of education, and appellant contends that under this condition of the record the board of education was without authority to levy the tax in question. Appellee argues in answer that this objection of the appellant questions the organization of the district, and that under numerous holdings of this court the validity of the organization of a school district cannot be inquired into on an application for judgment for delinquent taxes. This is the rule in this State as decided by a number of cases. Appellant replies that it makes no question as to this rule; that it is not contending that it has a right to question the validity of the organization of the school district on this hearing, but that it has a right to show that at the time the tax was levied the district had been quashed and its board had been ousted, and that therefore it was neither a *de facto* nor a *de jure* body at the time the purported tax levy was made.

In *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 305 Ill. 460, objections were filed to the application of the county collector for delinquent taxes. It appeared in that case that an attack upon the district by *quo warranto* was pending in court but had been undecided, and it was held that the question of the validity of the organization of a school district cannot be inquired into on tax objections. The effect of the objection to the tax in that case was to attack the organization of the district, which cannot be done.

In *People* v. *Dyer,* 205 Ill. 575, it was urged as an objection to judgment for special assessments in a drainage

district that the organization of the district was not valid. No action appears to have been pending to test the organization of the district. It was held such attack cannot be made as an objection to the collection of a tax.

In *People* v. *McKinnie,* 277 Ill. 342, it was held that the question of the legality of the annexation of lands to a village cannot be raised on tax objections against the collection of special assessments; that such can be tried only by *quo warranto.* No such proceeding appears to have been pending.

In *People* v. *Leigh,* 282 Ill. 17, proceedings had been instituted and were pending to test the validity of a high school district at the time of the hearing on the tax objections but had not been disposed of. The question was there raised whether the district came within the scope of a validating act passed by the legislature. It was held that that question cannot be inquired into in tax objections. There does not appear to have been a judgment of ouster in that case.

In *People* v. *Mathews,* 282 Ill. 85, the objection made to the tax was, that the act under which the organization of the district was had was unconstitutional and that the tax was therefore void. A curative act had been passed and had become effective before the hearing on the tax objections, and the objections were overruled. In passing upon that matter the opinion considered two questions: First, the constitutionality of the curative act of 1917; and second, whether a void tax can be validated by legislative act. It was held as to the first question that the curative act was constitutional, and as to the second, that it applied to and validated the void tax. The latter holding in that opinion has been overruled by recent decisions of this court holding that the legislature has no power to validate a void tax. (*People* v. *Illinois Central Railroad Co.* 310 Ill. 212; *People* v. *Chicago and Eastern Illinois Railway Co.* id. 257; *People* v. *Chicago, Milwaukee and St. Paul Railway Co.* id. 428; *People* v. *Bell,* 309 id. 387.) It will be seen that in

none of the cases had a judgment of ouster been entered prior to the levy of the tax.

In *People* v. *Reinberg,* 263 Ill. 536, an original petition was filed in this court for *mandamus* against the president and secretary of the board of education of Chicago, commanding that it recognize the relators as members of that board. The petition set out that the respondents, who had been named in their stead under so-called resignations of relators, were ousted by a judgment in *quo warranto* by the superior court of Cook county and that the cause was then pending on appeal in this court. It was there held that a judgment of ouster in *quo warranto* "is self-executing and requires no process to enforce it. An appeal bond or *supersedeas* bond will not operate to suspend such a judgment,"— citing *Barnes & Co.* v. *Typographical Union,* 232 Ill. 402. This court there held that relators had not resigned, and the writ of *mandamus* was awarded.

As the judgment quashing the record of the school district and ousting the board of education, entered by the circuit court in this case, was in force on July 11, 1922, when the tax was attempted to be levied, it follows that the board of education was neither a *de jure* nor *de facto* body and was wholly without power to levy the tax. Such an objection is not an attack upon the organization of the district, but an objection to the tax on the ground that the persons who sought to levy the tax had been declared by a court of competent jurisdiction to have no such power. The objection to this tax was therefore valid and should have been sustained.

Our attention is called in the reply brief to the final decision of this court, of which we take judicial notice, affirming the judgment of the circuit court in *quo warranto,* and it follows that there are no officers to receive and distribute taxes. The county court erred in overruling this objection. Since this disposes of the case, it does not become necessary to consider the second objection to the tax.

The judgment of the county court is reversed and the cause remanded to that court, with directions to enter an order sustaining appellant's objection.

*Reversed and remanded, with directions.*