(No. 16584.—Order affirmed.)
THE PEOPLE *ex rel.* Alva Shrout, County Collector, Appellee, *vs.* GEORGE SLOAN, Appellant.

*Opinion filed April 24, 1925.*

TAXES—*organization of school district is not subject to attack in tax proceeding—quo warranto.* In a proceeding by the county collector for judgment for delinquent school taxes the question whether the school district has been validly organized cannot be raised; and this is true even though the district is being attacked by *quo warranto* and the cause is still pending in the courts.

APPEAL from the County Court of Christian county; the Hon. C. J. VOGELSANG, Judge, presiding.

HOGAN & REESE, for appellant.

LESLIE J. TAYLOR, (CARL H. PREIHS, State's Attorney,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant filed objections in the county court of Christian county to the entry of judgment and order of sale for delinquent taxes levied against his property. The tax in question was that levied by Community High School District No. 307 for the year 1923. Among other objections filed, it was urged that at the time of the levy and extension of the tax there was a judgment in the circuit court of Christian county ousting the board of education of said high school district and adjudging the district to be unconstitutional, illegal and void; that therefore there was no lawful district and no lawful board of education to levy or receive such tax. These objections were overruled and judgment entered on the application. Appellant brings the cause here for review.

The history of this district and the judgment of this court concerning its organization are fully set out in *People v. Simpson,* 308 Ill. 418, and *People v. Lord,* 315 id. 603.

By those cases it is shown that this court in the former case held that the record then before us showed that the district was not compact and contiguous as required by law, and the judgment of the lower court in *quo warranto* sustaining the district was reversed and the cause remanded. By the latter case it is shown that upon remandment the trial court refused to permit any amendment to pleadings or further hearing of the cause before a jury and entered judgment declaring the district illegal and ousting the board of education. This court in the case last cited held that this was error; that the remandment was general and that the appellants were entitled to amend the pleadings and to a trial by jury, and the cause was remanded for a new trial.

From this recital of the history of the district it appears that there is no judgment of ouster against the board of education of that district and no judgment declaring the district illegally organized. The objections to the taxes in this case therefore amount, in effect, to a collateral attack upon the district. It has been repeatedly held by this court that in a proceeding by the county collector for judgment for delinquent taxes the question whether a district has been validly organized is not one that can be inquired into. (*People* v. *New York Central Railroad Co.* 301 Ill. 54; *People* v. *Leigh,* 282 id. 17; *People* v. *Dyer,* 205 id. 575; *Evans* v. *Lewis,* 121 id. 478; *Blake* v. *People,* 109 id. 504; *Osborn* v. *People,* 103 id. 224; *Trumbo* v. *People,* 75 id. 561.) This is true even though the district is being attacked by *quo warranto* and the cause is still pending in the courts. *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 305 Ill. 460; *People* v. *McKinnie,* 277 id. 342.

The county court did not err in overruling appellant's objections and ordering sale of his property. The order will therefore be affirmed.                    *Order affirmed.*