THE PEOPLE *ex rel.* J. H. Seiler, County Collector, Appellant, *vs.* CHARLES CALLOWAY, Appellee.

*Opinion filed February 24, 1928—Rehearing denied April 16, 1928.*

1. SCHOOLS—*taxes cannot be collected after judgment of ouster.* The effect of a judgment of ouster against a school district in *quo warranto* proceedings is to immediately dissolve the corporation, whether it existed *de jure* or *de facto,* and to take away all its rights, liberties, privileges and franchises; and although taxes are levied prior to the judgment of ouster they cannot be collected after such judgment, as the school district, being neither a *de jure* nor a *de facto* body, has no officers to receive and distribute taxes.

2. QUO WARRANTO—*effect of judgment dissolving a municipal corporation.* The dissolution of a municipal corporation by judgment of the court in a *quo warranto* proceeding, as in the death of a natural person, operates as an absolute revocation of all power and authority on the part of others to act in its name or its behalf.

APPEAL from the County Court of Christian county; the Hon. C. J. VOGELSANG, Judge, presiding.

CARL H. PREIHS, State's Attorney, and LESLIE J. TAYLOR, for appellant.

HOGAN & REESE, PROVINE & WILLIAMS, and HARRY B. HERSHEY, for appellee.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a judgment of the county court of Christian county sustaining appellee's objections to certain taxes levied by Township High School District No. 309 for the year 1926.

It was stipulated by the parties that this is the same high school district which was involved in the case of *People* v. *Buesinger,* 324 Ill. 534, and that after the cause was remanded to the circuit court of Christian county further proceedings were had therein, and that on March 24, 1927, judgment of ouster was entered therein effecting the dissolution of the district, and that no appeal was taken from said judgment and no writ of error had been sued out from this court to reverse the same. After the judgment of ouster the board of education continued to conduct the high school until the close of the school year, and it incurred expenses amounting to about $3000 in so doing. After the judgment of ouster was rendered a large number of tax-payers voluntarily paid their township high school taxes for district No. 309, and at the time of the trial the township treasurer had in his hands more than $5000 of such taxes.

It is contended by appellant that the taxes in question having been levied prior to the judgment of ouster, the objections of appellee to the taxes question the organization of the district, and that the validity of such organization cannot be inquired into on an application for judgment for delinquent taxes but such question can only be raised in *quo warranto* proceedings. The effect of a judgment of ouster against a school district in *quo warranto* proceedings is to immediately dissolve the corporation, whether it existed *de jure* or *de facto,* and work its dissolution and

take away all its rights, liberties, privileges and franchises. The dissolution of a municipal corporation by the judgment of the court on *quo warranto,* as in the death of a natural person, operates as an absolute revocation of all power and authority on the part of others to act in its name or in its behalf. (*Dodge* v. *People,* 113 Ill. 491.) When the objections to these taxes were made district No. 309 was neither a *de jure* nor a *de facto* body, and it follows that there are no officers to receive and distribute taxes. (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 312 Ill. 48.) The objections urged against this tax were not a collateral attack upon the organization of the district, and the court did not err in sustaining the objections.

The judgment of the county court is affirmed.

*Judgment affirmed.*