(No. 19876.

THE PEOPLE *ex rel.* George Lerch, County Collector, Appellant, *vs.* ELISE SANDMAN *et al.* Appellees.

*Opinion filed February 21, 1930.*

JOSEPH E. BARNES, State's Attorney, E. P. NISCHWITZ, and CLARENCE W. HEYL, for appellant.

MILLS & MILLS, and CRAIG & CRAIG, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

The county collector of Mason county filed his application in the county court of that county for judgment of sale against the lands of appellees for 1928 taxes alleged to be delinquent. Appellees filed their objections to the taxes levied for the Havana Community High School District No. 506 of the counties of Mason and Fulton. By its judgment order the county court sustained appellees' objections and refused judgment for sale. From this judgment an appeal has been taken by appellant to this court.

On June 13, 1929, in the circuit court of Mason county, a judgment of ouster in *quo warranto* was entered against Havana Community High School District No. 506 of the

counties of Mason and Fulton and its board of directors. Appellees objected to the community high school tax of that district. It is contended by appellant that the judgment of ouster did not render the taxes for 1928 illegal, for the reason that at the time of the entry of the judgment of ouster on June 13, 1929, an appeal was prayed to this court and allowed upon the filing of a bond in the sum of $1000 within sixty days from the date of the order and a bill of exceptions within ninety days.

The effect of a judgment of ouster against a school district in *quo warranto* proceedings is to immediately dissolve the corporation, whether it existed *de jure* or *de facto,* and work its dissolution and take away all its rights, liberties, privileges and franchises. The dissolution of a municipal corporation by the judgment of the court on *quo warranto* operates as an absolute revocation of all power and authority on the part of others to act in its name or behalf. (*Dodge* v. *People,* 113 Ill. 491.) When the objections to these taxes were made, heard and sustained by the court, district No. 506 was neither a *de jure* nor a *de facto* body, and it follows that there are no officers to receive and distribute taxes. (*People* v. *Calloway,* 329 Ill. 505; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 312 id. 48.) This case differs from *People* v. *Sloan,* 316 Ill. 561, and *People* v. *Zearing,* 305 id. 503, in each of which cases the *quo warranto* proceedings were still pending and a judgment of ouster was not in force and effect, while in the instant case a judgment of ouster had been entered, no appeal was perfected, and the judgment was in full force and effect at the time of the judgment of the county court from which this appeal is taken. From the record it appears that there is no district 506 and no officers having authority to receive and distribute the taxes or to act in its name or in its behalf.

The judgment of the county court is affirmed.

*Judgment affirmed.*