THE PEOPLE *ex rel.* O. L. Davis, County Collector, *et al.,* Appellants, *vs.* MRS. G. A. SPENCE *et al.,* Appellees.

*Opinion filed May 24, 1954—Rehearing denied July 13, 1954.*

J. C. LUTHER, of Petersburg, and HUTSON & HUTSON, of Monticello, for appellants.

S. S. DuHAMEL, of Springfield, for appellees.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Menard County which sustained objections to taxes for the year 1950 levied by the board of education of Middletown Community Consolidated School District No. 183 of Logan and Menard Counties.

The objection was based upon the ground that the property of the objectors was located in Greenview School District No. 200 of Menard County and was not within the boundaries of the Middletown District. The decisive issue is the correctness of the county court's conclusion as to the legal effect to be given certain proceedings for the detachment of the territory in question from the Greenview District and its annexation to the Middletown District.

On September 14, 1949, a petition was filed in the office of the county clerk of Logan County requesting that the territory in question be detached from the Greenview District and annexed to the Middletown District. The petition was filed under section 8-6 of article VIII of the School Code, (Ill. Rev. Stat. 1949, chap. 122, par. 8-6,) and it purported on its face to have been signed by two thirds of the legal voters of the territory described. On February 16, 1950, the county judge of Logan County granted the prayer of the petition and entered an order changing the boundaries of the district. Pursuant to section 8-7 of the School Code then in force, an appeal from this order was taken to the circuit court of Logan County. On April 26, 1951, the circuit court found that the petition was not signed by two thirds of the voters residing in the territory to be detached, and therefore reversed the order of the county court for want of jurisdiction. This judgment of the circuit court of Logan County was received in evidence in the present proceeding over the objection of the appellant, and was the basis of the county court's decision that the property here involved was never legally a part of the Middletown District.

This appeal is based upon the propositions that the collection of taxes may not be resisted upon the ground that a school district is illegally organized or that particular territory is not legally a part of the district, and that the only method available for challenging the legality of a change of boundaries is *quo warranto*. In support of these contentions numerous cases are cited, including *Trumbo* v. *People,* 75 Ill. 561; *People ex rel. Huck* v. *Trustees of Estate of Newberry,* 87 Ill. 41; *People ex rel. Carrithers* v. *Zehr,* 305 Ill. 501, and *People ex rel. Mercer* v. *New York Central Railroad Co.* 301 Ill. 54.

Those cases, however, do not meet the present issue, for they involved attempts to litigate, as an original proposition, in a hearing on tax objections, the validity of the

organization of a district or of a proceeding to change its boundaries. They are based upon the necessity for a prompt and summary determination of the validity of tax levies, and they go no further than to hold that the county collector's application for judgment of sale for delinquent taxes is not to be impeded by an independent and probably extended inquiry into collateral matters such as the legality of the organization of a taxing body, or of a change in its boundaries. What is involved in this case is quite different. Here the effort was not to establish initially, and as an independent matter, that the property in question was not within the district, but rather to prove that the taxable status of the property had already been established by a final judgment in a proceeding directly raising that issue.

No cases have been cited which hold that such a final judgment is not to be received in evidence upon a hearing to determine the validity of taxes. On the contrary, our decisions establish the admissibility of such a judgment. In *People ex rel. Shrout* v. *Long,* 328 Ill. 297, the taxpayer's objection was that his property was not located within the school district. In support of his objection he offered in evidence a judgment of the circuit court, entered in a *certiorari* proceeding, holding that the territory within which his property was located had been properly detached from the school district. This court said (p. 305) : "The only objection raised by appellant to the introduction of that record and the certified exhibits by appellee was, that they were irrelevant, immaterial and incompetent and that they constituted a collateral attack on the boundaries of the district, which could only be reached by *quo warranto.* There was no merit in these objections and they were properly overruled. The law is well settled in this State that the powers of a school district to levy taxes are limited to the property within the boundaries of the district at the time of the levy, and any attempt to levy a tax on property in territory detached from such district is illegal." *People*

*ex rel. Lerch* v. *Sandman,* 338 Ill. 404, which involved a final judgment in a *quo warranto* action, is to the same effect.

The statute here involved provided for the appeal from the order of the county court of Logan County in the disconnection-annexation proceedings to the circuit court of that county. (Ill. Rev. Stat. 1949, chap. 122, par. 8-7.) That appeal was certainly no less direct in its attack upon the validity of those proceedings than the *certiorari* proceeding in the *Long case* or the *quo warranto* action in the *Sandman case.* Cf. *Board of Education* v. *Nickell,* 410 Ill. 98, 102.

The county court was correct in giving effect to the judgment entered upon the appeal in the disconnection-annexation proceedings, and its judgment is affirmed.

*Judgment affirmed.*